<u>EXHIBIT A</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RADIAN COMMUNICATION SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 04-1197 |
| ) | |
| v. ) | |
| ) | Judge Mihm |
| MICHAEL LANDA, d/b/a LANDA AND ) | |
| ASSOCIATES, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATION OF
WILLIAM E. GALLAGHER PURSUANT TO FED. R. CIV. P. 37(a)a(2)(A)**

William E. Gallagher hereby certifies as follows:

1. I am Lead Counsel for the Plaintiff in this action. I make this Certification in support of the accompanying Plaintiff's Motion To Compel Complete Discovery Response from Defendant.

2. On September 24, 2004, I served Defendant's counsel with Plaintiff's First Combined Set Of Interrogatories And Requests For Production Of Documents ("Plaintiff's First Discovery").

3. On or about November 10, 2004, I received Defendant's Objections And Responses To Plaintiff's First Combined Set Of Interrogatories And Requests For Production Of Documents ("Defendant's Response").

4. Plaintiff deemed Defendant's Response incomplete, insufficient and unresponsive in a number of respects. On November 23, 2004, I wrote and sent a letter, by facsimile and by U.S. Mail, to Stacia Lay, Esq. and Stephen M. Buck, Esq., outlining the deficiencies that Plaintiff

**EXHIBIT A**

contends exist with Defendant's Response. A true and correct copy of that letter is attached hereto as Exhibit 1.

5. Mr. Buck is currently counsel of record for Defendant, and signed Defendant's Response on behalf of Defendant. However, Mr. Buck had informed me in a prior telephone conversation that the firm of Hendricks & Lewis, O. Yale Lewis, Esq. and Stacia Lay, Esq., were assuming the role of lead counsel on behalf of Defendant, and that Mr. Buck was providing local assistance only. Hence, I directed my remaining efforts to resolve the instant discovery matter toward Ms. Lay and/or Mr. Lewis.

6. On Monday and Tuesday, December 6 and 7, 2004, I telephoned Ms. Lay's office to discuss this discovery matter and was advised each time that she was unavailable. I left voicemail messages for Ms. Lay each time, requesting a return telephone call. Ms. Lay did not return my calls.

7. On December 8, I received an Email from Ms. Lay that stated:

> I received your messages of yesterday and Monday regarding your letter of November 23. I apologize that we have been unable to connect but I have several filing deadlines in other matters that run through this Friday that require my complete attention. Therefore, I will do my best to at least touch base with you on Friday but it seems most likely that any productive discussion would have to take place next week.

A true and correct copy of Ms. Lay's Email is attached hereto as Exhibit 2.

8. In spite of Ms. Lay's statement, neither Ms. Lay nor Mr. Lewis called me that Friday nor at any time the following week. On Tuesday, December 14, 2004, I telephoned Mr. Lewis' office to discuss this discovery matter and was advised that he was unavailable. I left a voicemail message for Mr. Lewis, requesting a return telephone call. Mr. Lewis did not return my call.

**EXHIBIT A**

9. On December 16, 2004, I sent an Email to Mr. Lewis and Ms. Lay, stating that unless either of them called me on December 20 prepared to take a position on behalf of Defendant with respect to the issues raised by my letter of November 23 (Exhibit 1), that I would seek relief from the Court. A true and correct copy of that Email is attached hereto as Exhibit 3.

10. Later that same day, I received via Email copy of a letter from Mr. Lewis stating:

> I am writing to let you know that [Hendricks & Lewis] no longer represents [Defendant] Landa & Associates. Consequently, we are no longer in a position to work with you on the discovery issues you raised in your letter shortly before Thanksgiving.
>
> I do not know what, if any, arrangements have been made with Stephen Buck, Defendant's counsel of record.

A true and correct copy of Mr. Lewis' letter is attached hereto as Exhibit 4.

11. After receiving Mr. Lewis' letter, I telephoned Mr. Buck to inquire as to whether he would be continuing to represent Defendant, and whether he could discuss on behalf of Defendant the discovery issues I had been attempting to resolve with Mr. Lewis and Ms. Lay. Mr. Buck advised me that he would attempt to contact Defendant and reply to me shortly.

12. On December 22, 2004, I received a voicemail message from Mr. Buck, in which he stated that he had attempted to contact Defendant but had been unsuccessful, and that he was going to move to withdraw as Defendant's counsel unless Defendant contacted him by December 23.

13. Now of record is Mr. Buck's Motion To Withdraw as Defendant's counsel, filed December 23, 2004. To date, it appears from the electronic docket record that no attorney has entered or substituted his or her appearance for Mr. Buck.

14. On December 8, 2004, and again on January 7, 2005, I wrote to Defendant's counsel and requested that Defendant provide dates upon which he could be available for a deposition in the Seattle or Bothell, Washington area (Defendant resides nearby, in Arlington,

## **EXHIBIT A**

Washington). To date, Defendant has failed to respond. True and correct copies of Email correspondence reflecting these requests, and Defendant's failure to respond, are attached hereto as Exhibit 5.

15. Based on the foregoing, I respectfully submit and certify that I have made a good faith effort to attempt to confer with the Defendant through his counsel to resolve the instant discovery matter without resort to seeking Court action. It appears from Mr. Buck's Motion To Withdraw that my inability to even obtain a conference on this matter with Defendant's counsel is the result of Defendant's own failure or refusal to communicate with his counsel.

Date: 1/14/05

William E. Gallagher, Lead Counsel for
Plaintiff
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 651-6800 telephone
(513) 651-6981 facsimile
wgallagher@fbtlaw.com




OHIO · KENTUCKY · INDIANA · TENNESSEE

William E. Gallagher
(513) 651-6106
WGALLAGHER@FBTLAW.COM

November 23, 2004

**Via Facsimile and U.S. Mail**
Stacia Lay, Esq.                                Stephen M. Buck, Esq.
Hendricks & Lewis                               Husch & Eppenberger, LLC
999 Third Avenue, Suite 2675                    401 Main Street, Suite 1400
Seattle, WA 98104                               Peoria, IL 61602

Re:   <u>Radian Communication Services Corp. v. Landa et al., No. 1:04-cv-1197</u>

Dear Stacia and Stephen:

    This is to address what we regard as deficiencies in the Defendant's Objections and Responses to Plaintiff's First Combined Set of Interrogatories and Requests for Production of Documents. The issues will be addressed by number of the interrogatory and/or request for production as they appear in our discovery requests.

    3.    The objection is without merit. Each of the web sites found at addresses identified in the interrogatory (and used as company names by Defendant or someone apparently affiliated with Defendant) contains material that infringes Radian's trademark rights. Therefore, we request that Mr. Landa immediately supplement the response to supply the requested information.

    5.    Although Defendant's response states that he will produce responsive documents, he has produced no such documents. We request that Mr. Landa immediately supplement the response and produce the requested documents.

    Additionally, Defendant's apparent refusal to supply information or produce any documents concerning the domain name bxtowers.com is without merit. That domain name and web site constitute infringement of Radian's trademark rights and are relevant areas of inquiry. Therefore, we request that Mr. Landa immediately supplement the response to supply the requested information and documents.

    6.    Defendant's apparent refusal to supply information or produce any documents concerning other domain names he owns is without merit. Information concerning Defendant's

Stacia Lay, Esq.
Stephen M. Buck, Esq.
November 23, 2004
Page 2

ownership of other domain names is expressly made relevant under 15 USC §1125(d)(1)(B)(i)(VII) and (VIII). Therefore, we request that Mr. Landa immediately supplement the response to supply the requested information and documents.

7. Although Defendant's response states that he will produce responsive documents, the documents defendant has produced include no such documents. Although Defendant has produced two CDs that appear to contain files relating to the web site at www.rohntowers.com, he has produced no documents reflecting communications or agreements incidental to development of the web site. We request that Mr. Landa immediately supplement the response and produce the requested documents.

8. The objection is without merit. Each of the web sites found at addresses identified in the interrogatory contains material that infringes Radian's trademark rights.

Further, although Defendant's response states that he will produce responsive documents, the documents defendant has produced include no such documents. We request that Mr. Landa immediately supplement the response and produce the requested documents.

9. Although Defendant's response states that he will produce responsive documents, the documents defendant has produced include no such documents. For example, Defendant's response alleges that Rohn Industries sent Defendant a disk containing a Rohn Industries catalog. Defendant has not produced a copy of any such disk. Additionally, defendant has produce no documents recording, reflecting or referring to the communications Defendant alleges. We request that Mr. Landa immediately supplement the response and produce the requested documents.

14. The objection is without merit, as is made plain by the statutory provisions cited in the request. Defendant's response cites no valid basis for withholding the requested information and documents. Therefore, we request that Mr. Landa immediately supplement the response to supply the requested information and documents.

To the extent Defendant can cite a bona fide basis for claiming confidentiality of any such information, Radian will agree to treat such information in accordance with the terms of the draft proposed protective order we sent to you by Email on October 29, 2004.

15. The objection is without merit, as is made plain by the statutory provisions cited in the request. Moreover, Defendant's web site at www.bxtowers.com contains material that infringes Radian's trademark rights. Defendant's response cites no valid basis for withholding the requested information and documents. Therefore, we request that Mr. Landa immediately supplement the response to supply the requested information and documents.

21. Defendant has produced no responsive documents. Defendant's apparent refusal to produce documents on the basis of alleged confidentiality is without merit. Defendant has no legitimate claim of confidentiality of terms any distributorship agreement that existed between



Stacia Lay, Esq.
Stephen M. Buck, Esq.
November 23, 2004
Page 3

Defendant and Rohn Industries. We request that Mr. Landa immediately supplement the response and produce the requested documents.

To the extent Defendant can cite a bona fide basis for claiming confidentiality of any such information, Radian will agree to treat such information in accordance with the terms of the draft proposed protective order we sent to you by Email on October 29, 2004.

23. The objection is without merit. Defendant's web sites at www.bxtowers.com and www.cellsiteleasing.com contain materials that infringe Radian's trademark rights.

24. The objection is without merit. Defendant's web sites at www.bxtowers.com and www.cellsiteleasing.com constitute and contain materials that constitute infringement of Radian's trademark rights. Moreover, although Defendant has produced two CDs that appear to contain files relating to the web site at www.rohntowers.com, he has produced no documents reflecting communications or agreements incidental to development of the web site. We request that Mr. Landa immediately supplement the response and produce the requested documents.

27. The objection is without merit. To the extent Defendant is claiming "fair use" on the basis that Defendant is allegedly a seller of used ROHN brand equipment, Radian is entitled to take discovery of the extent of Defendant's activities in that regard. Further, the requested documents are relevant to a determination of Defendant's profits and costs from his infringing activities. Defendant's apparent refusal to produce documents on the basis of alleged confidentiality is without merit. Defendant has asserted no basis to support a claim of confidentiality relating to Defendant's purchases of new Rohn products. We request that Mr. Landa immediately supplement the response and produce the requested documents.

To the extent Defendant can cite a bona fide basis for claiming confidentiality of any such information, Radian will agree to treat such information in accordance with the terms of the draft proposed protective order we sent to you by Email on October 29, 2004.

28. The objection is without merit. BX TOWERS is a Radian trademark, which at all relevant times has been used by Rohn Industries and Radian in connection with the ROHN trademark. We request that Mr. Landa immediately supplement the response and produce the requested documents.

29. The objection is without merit. To the extent Defendant is claiming "fair use" on the basis that Defendant is allegedly a seller of used ROHN brand equipment, Radian is entitled to take discovery of the extent of Defendant's activities in that regard. Further, such documents are relevant to a determination of Defendant's profits and costs from his infringing activities. Defendant's apparent refusal to produce documents on the basis of alleged confidentiality is without merit. Defendant has asserted no basis to support claim of confidentiality relating to Defendant's purchases of used Rohn products. We request that Mr. Landa immediately supplement the response and produce the requested documents.


Frost

Stacia Lay, Esq.
Stephen M. Buck, Esq.
November 23, 2004
Page 4

To the extent Defendant can cite a bona fide basis for claiming confidentiality of any such information, Radian will agree to treat such information in accordance with the terms of the draft proposed protective order we sent to you by Email on October 29, 2004.

30.    The objection is without merit. BX TOWERS is a Radian trademark, which at all relevant times has been used by Rohn Industries and Radian in connection with the ROHN trademark. To the extent Defendant is claiming "fair use" on the basis that Defendant is allegedly a seller of used ROHN brand equipment, Radian is entitled to take discovery of the extent of Defendant's activities in that regard. Further, such documents are relevant to a determination of Defendant's profits and costs from his infringing activities. Defendant's apparent refusal to produce documents on the basis of alleged confidentiality is without merit. Defendant has asserted no basis to support a claim of confidentiality relating to Defendant's purchases of used ROHN products. We request that Mr. Landa immediately supplement the response and produce the requested documents.

To the extent Defendant can cite a bona fide basis for claiming confidentiality of any such information, Radian will agree to treat such information in accordance with the terms of the draft proposed protective order we sent to you by Email on October 29, 2004.

31.    The objection is without merit. To the extent Defendant is claiming "fair use" on the basis that Defendant is allegedly a seller of used ROHN brand equipment, Radian is entitled to take discovery of the extent of Defendant's activities in that regard. Further, the requested documents are relevant to a determination of Defendant's profits and costs from his infringing activities. Defendant's apparent refusal to produce documents on the basis of alleged confidentiality is without merit. Defendant has asserted no basis to support a claim of confidentiality relating to Defendant's sales of new Rohn products. We request that Mr. Landa immediately supplement the response and produce the requested documents.

To the extent Defendant can cite a bona fide basis for claiming confidentiality of any such information, Radian will agree to treat such information in accordance with the terms of the draft proposed protective order we sent to you by Email on October 29, 2004.

32.    The objection is without merit. BX TOWERS is a Radian trademark, which at all relevant times has been used by Rohn Industries and Radian in connection with the ROHN trademark. We request that Mr. Landa immediately supplement the response and produce the requested documents.

33.    The objection is without merit. To the extent Defendant is claiming "fair use" on the basis that Defendant is allegedly a seller of used ROHN brand equipment, Radian is entitled to take discovery of the extent of Defendant's activities in that regard. Further, the requested documents are relevant to a determination of Defendant's profits and costs from his infringing activities. Defendant's apparent refusal to produce documents on the basis of alleged confidentiality is without merit. Defendant has asserted no basis to support a claim of confidentiality relating to Defendant's sales of used Rohn products. We request that Mr. Landa


Frost

immediately supplement the response and produce the requested documents.

To the extent Defendant can cite a bona fide basis for claiming confidentiality of any such information, Radian will agree to treat such information in accordance with the terms of the draft proposed protective order we sent to you by Email on October 29, 2004.

34. The objection is without merit. BX TOWERS is a Radian trademark, which at all relevant times has been used by Rohn Industries and Radian in connection with the ROHN trademark. We request that Mr. Landa immediately supplement the response and produce the requested documents.

35. Defendant's response sets forth no basis for his apparent refusal to produce the requested documents. To the extent the refusal to produce documents is based on alleged confidentiality, the allegation is without merit. Defendant has asserted no basis to support a claim of confidentiality relating to Defendant's revenues from sales of Rohn products. We request that Mr. Landa immediately supplement the response and produce the requested documents.

To the extent Defendant can cite a bona fide basis for claiming confidentiality of any such information, Radian will agree to treat such information in accordance with the terms of the draft proposed protective order we sent to you by Email on October 29, 2004.

36. The objection is without merit. BX TOWERS is a Radian trademark, which at all relevant times has been used by Rohn Industries and Radian in connection with the ROHN trademark. We request that Mr. Landa immediately supplement the response and produce the requested documents.

37. The objection is without merit. To the extent Defendant is claiming "fair use" on the basis that Defendant is allegedly a seller of ROHN brand equipment, Radian is entitled to take discovery of the extent of Defendant's activities in that regard. Further, such documents are relevant to a determination of Defendant's profits and costs from his infringing activities. Defendant's apparent refusal to produce documents on the basis of alleged confidentiality is without merit. Defendant has asserted no basis to support a claim of confidentiality relating to Defendant's purchases of products from Old Rohn or Radian. We request that Mr. Landa immediately supplement the response and produce the requested documents.

To the extent Defendant can cite a bona fide basis for claiming confidentiality of any such information, Radian will agree to treat such information in accordance with the terms of the draft proposed protective order we sent to you by Email on October 29, 2004.

39. The objection is without merit. Defendant is apparently claiming that he received a license to engage in the infringing activities Radian alleges in this case, given to him through or by Brian Pemberton. We request that Mr. Landa immediately supplement the response and produce the requested documents.

Frost

Stacia Lay, Esq.
Stephen M. Buck, Esq.
November 23, 2004
Page 6

40. The objection is without merit. Defendant is apparently claiming that he received a license to engage in the infringing activities Radian alleges in this case, confirmed through or by Horace Ward. We request that Mr. Landa immediately supplement the response and produce the requested documents.

42. The objection is without merit. Defendant is apparently claiming that he had a distributorship agreement with Old Rohn that permitted him to engage in the infringing activities Radian alleges in this case. It is probable that Craig Ahlstrom would have been party to communications incidental to any such arrangement. We request that Mr. Landa immediately supplement the response and produce the requested documents.

45. Defendant's apparent refusal to produce any documents concerning any domain names he has acquired is without merit. Information concerning Defendant's ownership of other domain names is expressly made relevant under 15 USC §1125(d)(1)(B)(i)(VII) and (VIII). Therefore, we request that Mr. Landa immediately supplement the response to produce the requested documents.

46. Defendant's apparent refusal to produce any documents concerning any domain names he has maintained is without merit. Information concerning Defendant's ownership of other domain names is expressly made relevant under 15 USC §1125(d)(1)(B)(i)(VII) and (VIII). Therefore, we request that Mr. Landa immediately supplement the response to produce the requested documents.

47. Defendant's apparent refusal to produce any documents concerning any domain names he has acquired is without merit. Information concerning Defendant's ownership of other domain names is expressly made relevant under 15 USC §1125(d)(1)(B)(i)(VII) and (VIII). Therefore, we request that Mr. Landa immediately supplement the response to produce the requested documents.

I will call you within the next few days to inquire as to whether Defendant intends to supplement his discovery responses as requested, or whether we will need to seek an order from the Court compelling him to do so.

Very truly yours,

*William E. Gallagher*

William E. Gallagher

cc: Timothy Bertschy, Esq.
    Janice Whitlow, Esq.

CinLibrary 1455719v.1

Frost

## Gallagher, William E.

**From:** Gallagher, William E.
**Sent:** Wednesday, December 08, 2004 4:46 PM
**To:** Toepfer, Tammi
**Subject:** FW: Radian v. Landa

-----Original Message-----
**From:** Stacia Lay [mailto:SL@hllaw.com]
**Sent:** Wednesday, December 08, 2004 1:35 PM
**To:** Gallagher, William E.
**Cc:** O. Yale Lewis
**Subject:** Radian v. Landa

Bill,

I received your messages of yesterday and Monday regarding your letter of November 23. I apologize that we have been unable to connect but I have several filing deadlines in other matters that run through this Friday that require my complete attention. Therefore, I will do my best to at least touch base with you on Friday but it seems most likely that any productive discussion would have to take place next week.

Best regards,
Stacia

Stacia Lay
Associate Attorney
Hendricks & Lewis

Tel:   206.624.1933
Fax:   206.583.2716
Email: sl@hllaw.com
Web:   www.hllaw.com

IMPORTANT CONFIDENTIALITY NOTE: This email message and any attachment(s) contain confidential information which may also be legally privileged. If you are not the intended recipient or an authorized employee or agent thereof, any disclosure, distribution, copying, or use of this information is strictly prohibited. If you received this communication in error, please notify the sender immediately by email or by telephone (collect) at 206.624.1933. Thank you.

## Gallagher, William E.

**From:** Gallagher, William E.
**Sent:** Thursday, December 16, 2004 3:37 PM
**To:** 'O. Yale Lewis'; 'Stacia Lay'
**Cc:** Toepfer, Tammi; 'Timothy Bertschy'
**Subject:** Radian v. Landa, discovery

Dear Yale and Stacia:

On November 23, 2004, I wrote a letter to you and Stephen Buck concerning Radian's dissatisfaction with Mr. Landa's responses to our discovery inquiries. I called and left voicemail messages with Stacia on December 6 and 7, requesting a return call to discuss this matter. I called and left a voicemail message with Yale on December 14, requesting a return call to discuss this matter. To date, neither of you have returned my call.

I am scheduled to be out of the office tomorrow, December 17. I will be in the office on Monday, December 20, all day.

Unless you contact and speak with me on Monday, December 20, by 5:00 EST, fully prepared to take a final position on behalf of Mr. Landa with respect to each of the issues raised by my letter of November 23, we will file a motion with the Court seeking to compel Mr. Landa to supplement his discovery responses.

Very truly yours,
*William E. Gallagher*
Frost Brown Todd LLC
Intellectual Property Department
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
513.651.6106 (Direct)
513.651.6800 (Main)
513.651.6981 (Fax)
wgallagher@fbtlaw.com

# HENDRICKS & LEWIS

999 THIRD AVENUE, SUITE 2675  
SEATTLE, WASHINGTON 98104

telephone (206) 624-1933  
facsimile (206) 583-2716  
www.hllaw.com

December 16, 2004

William E. Gallagher, Esq.  
Frost Brown Todd, LLC  
201 East Fifth Street, Suite 2200  
Cincinnati, OH 45202

Re:  *Radian Communication Services, Inc. v. Landa*, No. 04-1197

Dear Bill:

I am writing to let you know that this office no longer represents Landa & Associates. Consequently, we are no longer in a position to work with you on the discovery issues you raised in your letter shortly before Thanksgiving.

I do not know what, if any, arrangements have been made with Stephen Buck, Defendant's counsel of record.

Best wishes,

HENDRICKS & LEWIS

*Yale Lewis*

O. Yale Lewis, Jr.

By email and regular mail  
cc: Stephen M. Buck, Esq.

{58352.DOC}

# Gallagher, William E.

**From:** Gallagher, William E.
**Sent:** Wednesday, December 08, 2004 4:46 PM
**To:** 'Stacia Lay'
**Cc:** Toepfer, Tammi
**Subject:** RE: Radian v. Landa

Dear Stacia:

This is unfortunate because, as you know, remaining time for discovery is limited in this case and my November 23 letter advised that I would be contacting you to address these discovery matters. It seems that two weeks' time should have been sufficient to prepare to respond to the issues raised by my letter. Be that as it may, I will ask you when you return my telephone call to take a definite position on behalf of Mr. Landa as to whether he will supplement his discovery responses as requested by my letter, and if so, by when and to what extent.

→ Additionally, please advise as to what dates in late January or early February Mr. Landa can be available in the Seattle area for a deposition.

Regards,
*William E. Gallagher*
Frost Brown Todd LLC
Intellectual Property Department
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
513.651.6106 (Direct)
513.651.6800 (Main)
513.651.6981 (Fax)
wgallagher@fbtlaw.com


-----Original Message-----
**From:** Stacia Lay [mailto:SL@hllaw.com]
**Sent:** Wednesday, December 08, 2004 1:35 PM
**To:** Gallagher, William E.
**Cc:** O. Yale Lewis
**Subject:** Radian v. Landa

Bill,

I received your messages of yesterday and Monday regarding your letter of November 23. I apologize that we have been unable to connect but I have several filing deadlines in other matters that run through this Friday that require my complete attention. Therefore, I will do my best to at least touch base with you on Friday but it seems most likely that any productive discussion would have to take place next week.

Best regards,
Stacia

Stacia Lay

Associate Attorney
Hendricks & Lewis

Tel: 206.624.1933
Fax: 206.583.2716
Email: sl@hllaw.com
Web: www.hllaw.com

IMPORTANT CONFIDENTIALITY NOTE: This email message and any attachment(s) contain confidential information which may also be legally privileged. If you are not the intended recipient or an authorized employee or agent thereof, any disclosure, distribution, copying, or use of this information is strictly prohibited. If you received this communication in error, please notify the sender immediately by email or by telephone (collect) at 206.624.1933. Thank you.

## Gallagher, William E.

| | |
|---|---|
| **From:** | Gallagher, William E. |
| **Sent:** | Friday, January 07, 2005 5:32 PM |
| **To:** | 'stephen.buck@husch.com' |
| **Cc:** | Gallagher, William E.; Toepfer, Tammi |
| **Subject:** | Radian v. Landa -- Deposition of Landa -- Second Request |
| **Importance:** | High |

Steve:

Pursuant to Local Rule 30.1, I am requesting that you propose some dates toward the middle or end of February on which Mr. Landa can be available for a deposition in Bothell, Washington.

I originally made this request on December 8, 2004 to Stacia Lay of Hendricks & Lewis, but she never replied.

Please reply at your earliest convenience.

Regards,
*William E. Gallagher*
Frost Brown Todd LLC
Intellectual Property Department
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
513.651.6106 (Direct)
513.651.6800 (Main)
513.651.6981 (Fax)
wgallagher@fbtlaw.com

## Gallagher, William E.

**From:** Buck, Stephen [stephen.buck@Husch.com]
**Sent:** Friday, January 07, 2005 5:42 PM
**To:** 'Gallagher, William E.'
**Subject:** RE: Radian v. Landa -- Deposition of Landa -- Second Request

Bill:

As I assume you know, my motion to withdraw is set for hearing on January 20th. I sent a copy of the motioj to Michael Landa and he has finally called me on one occasion and indicated he has communicated with some new law firms to take the case over. I will try and follow up with Mike Landa to see where that stands and let him know about your request for deposition dates, but I do not feel I can commit to any dates with the pending motion to withdraw.

I appreciate the position you are in on discovery, and hope you appreciate the position I am in as well in light of our prior discussions and the motion I filed. I will give you a call early next week and let you know if I am able to reach Mr. Landa.

Steve

> -----Original Message-----
> **From:** Gallagher, William E. [mailto:WGallagher@fbtlaw.com]
> **Sent:** Friday, January 07, 2005 4:32 PM
> **To:** 'stephen.buck@husch.com'
> **Cc:** Gallagher, William E.; Toepfer, Tammi
> **Subject:** Radian v. Landa -- Deposition of Landa -- Second Request
> **Importance:** High
>
> Steve:
>
> Pursuant to Local Rule 30.1, I am requesting that you propose some dates toward the middle or end of February on which Mr. Landa can be available for a deposition in Bothell, Washington.
>
> I originally made this request on December 8, 2004 to Stacia Lay of Hendricks & Lewis, but she never replied.
>
> Please reply at your earliest convenience.
>
> Regards,
> *William E. Gallagher*
> Frost Brown Todd LLC
> Intellectual Property Department
> 2200 PNC Center
> 201 East Fifth Street
> Cincinnati, OH 45202
> 513.651.6106 (Direct)
> 513.651.6800 (Main)
> 513.651.6981 (Fax)
> wgallagher@fbtlaw.com

## Gallagher, William E.

**From:** Buck, Stephen [stephen.buck@Husch.com]
**Sent:** Friday, January 14, 2005 12:22 PM
**To:** 'Gallagher, William E.'
**Subject:** Radian v. Landa

Bill:

I attempted to call Mr. Landa this week, and as of yet he has not returned the message I left for him. I am sending him a letter regarding the hearing on Motion to Withdraw, and informing him of your request for deposition dates. If I hear back from Mr. Landa I will let you know.

Regards,

Steve Buck

Stephen M. Buck
Husch & Eppenberger, LLC
401 Main Street, Suite 1400
Peoria, Illinois 61602
Phone: (309) 637-4900
Fax: (309) 637-4928
stephen.buck@husch.com

This e-mail message from the law firm of Husch & Eppenberger, LLC is intended only for named recipients. It contains information that may be confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited. Please notify us immediately at 314.480.1500 or at helpdesk@husch.com that you have received this message in error, and delete the message. Thank you. HUSCH & EPPENBERGER, LLC Visit us on the web at http://www.husch.com