IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

RADIAN COMMUNICATION SERVICES,
INC.,

    Plaintiff,

v.

MICHAEL LANDA, d/b/a LANDA AND
ASSOCIATES,

    Defendant.

Civil Action No. 04-1197

Judge Mihm

**PLAINTIFF'S FIRST COMBINED SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff, Radian Communication Services Corp. ("Radian"), pursuant to Fed. R. Civ. P. 33 and 34, presents Defendant with the following Interrogatories and Requests for Production of Documents and Things.

**DEFINITIONS**

As used herein, the following words have the following meanings:

1.     "Identify" (or any form thereof) means:

    (a)     With respect to a natural person, to state his/her full name, job title, name of employer, and current or last known address.

    (b)     With respect to a business entity, to state its name and its current or last known address.

    (c)     With respect to an item or thing, other than a document, to describe it with particularity as to its characteristics and the full name, job title, name of employer, and current or last known address of the person currently having control, custody or possession of it.

(d) With respect to a document, (i) to state its date of authorship or creation, its author, all recipients or persons for whom it was prepared and/or to whom it was addressed, the type of document, (e.g., letter, memorandum, chart, or other category), its current location, and the name and address of the person(s) currently having control, custody or possession of it; or alternatively, (ii) to state its Bates or production number as applied by Defendant in connection with the production of documents in this action.

If such document was, but is no longer, in Defendant's possession or control or in existence, state whether it:

is missing or lost,

has been destroyed,

has been transferred, voluntarily or involuntarily, to another, or

has otherwise been disposed of, and in each instance explain the attendant circumstances of such disposition, including the date thereof. In lieu of identifying a document, a copy thereof may be supplied.

(e) In all other respects, the term shall be given its ordinary dictionary definition in the broadest sense.

2. "Document" is to be given the broadest interpretation and scope as the term has been given under Fed. Rules. Civ. P. 26 and 34 and the law of this jurisdiction, and includes the original and all copies, of all handwritten, printed, typewritten, computer-generated or recorded, electronically generated or recorded, textual, numeric, coded, graphic, photographic, visual or auditory information of any kind or character, including material on or in papers, books, films, fiche, tapes, disks, and hard drives, and copies and transcripts thereof, now or formerly in the actual or constructive possession, custody or control of Defendant or his agents or representatives (including attorneys), and without limiting the generality of the foregoing definition, but for the purposes of illustration only, "document" includes notes, drafts, letters, correspondence, telegrams, electronic mail communications, "voice mail" and recordings of telephone messages or conversations, memoranda, calendars, diaries, records, minutes, contracts, agreements, notations of conversations or conferences, inter-office communications, bulletins,

circulars, pamphlets, studies, notices, summaries, reports, books, media bearing electronically generated or recorded data, communications or information, teletyped messages, tape recordings, photographs, films, videotapes, drawings, graphs, charts, tables, financial statements and records, invoices, work sheets, ledgers, vouchers, brochures, labels, packaging, magazines and other publications, and displays.

3. "Relating to" means describing, discussing, mentioning, referring to, communicating about, contemplating, analyzing, concerning, reflecting, containing, bearing, recording, tabulating, resulting from, causing, affecting, effecting and/or precipitating.

4. When used in connection with inquiries herein relating to advertising, marketing or promotion, "media" includes magazines, journals, trade or industry publications, newsletters, newspapers, periodicals, radio, television, billboards, public displays or signs, and the Internet.

5. "Plaintiff" means Radian Communication Services Corp. "Radian" means Plaintiff in this action.

6. "Old Rohn" means the corporation formerly known as Rohn Industries, Inc. which is currently, or was formerly, engaged in bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Indiana.

7. "Defendant" means Michael Landa and any business entity owned or controlled by him, in whole or in part, and their employees, representatives, attorneys, agents, and any other persons on their behalf or under their control.

8. "ROHN mark" means the name or word "Rohn", whether in word or logo form, when used in, or on, or in conjunction with, any materials, of any nature, in or on any medium, used to

market, promote, sell, label, describe, identify, locate or refer to goods (new or used), services, or a company or other business entity or organization of any nature.

9. "Marketing or promotional materials" means any documents or things, in or on any medium, used to market, advertise, promote, sell, label, describe, identify, locate or refer to goods (new or used), services, or a company or other business entity or organization of any nature.

10. "Communication" means any transmission of, or inquiry or request seeking, information, advice, opinions, actions, documents or things, and includes invoices, payments, statements, letters, electronic mail, memoranda, telephone calls and telephone messages, in-person communications and any and all other contacts between person(s) and/or business entity(ies).

11. "ROHN brand products" means products originally manufactured and sold new as such by Old Rohn or Radian.

12. "BX TOWERS brand products" means products originally manufactured and sold new as such by Old Rohn or Radian.

13. "You" or "your" refers to the entity or entities who are responding to these interrogatories and requests for production.

## INSTRUCTIONS

1. Pursuant to the agreement of the parties, Defendant is asked to deliver true, correct, complete and accurate copies of all documents and things responsive to requests herein within 30

days of service hereof, at the offices of Frost Brown Todd LLC, 201 East Fifth Street, 2200 PNC Center, Cincinnati, OH 45202, to the attention of the undersigned.

2.  Defendant is reminded and instructed to produce documents and things responsive to requests herein in the possession, custody or control of Defendant and/or its attorneys, accountants, directors, officers, agents, servants, employees or representatives.

3.  In responding to requests for production, Defendant is instructed to respond to each category requested by stating (1) whether Defendant will provide copies of responsive documents; and (2) an identification of each document and thing responsive to the corresponding request.

4.  For each and every document withheld on the basis of alleged privilege, work product or other asserted grounds, Plaintiff requests that Defendant state:

    (a)  the name(s) of its author(s);

    (b)  the name(s) of its recipient(s);

    (c)  its subject matter;

    (d)  the date of its creation;

    (e)  its source;

    (f)  the name(s) of any person(s) to whom it or any portion of it has been revealed; and

    (g)  the complete factual and legal basis upon which it is being withheld.

Such information may be furnished by way of a privilege log.

5.  For each interrogatory which Defendant refuses to answer on the basis of alleged privilege, work product or other asserted grounds, Plaintiff requests that Defendant state the complete factual and legal basis upon which Defendant refuses to answer.

6. With respect to any of the following Requests For Production or parts thereof as to which Defendant, after responding, learns of the existence of additional responsive documents, Plaintiff requests that Defendant immediately serve upon Plaintiff amended or supplemental responses.

7. With respect to any of the following Interrogatories or parts thereof as to which Defendant, after responding, learns of the existence of additional responsive information, Plaintiff requests that Defendant immediately serve upon Plaintiff amended or supplemental responses.

8. To the extent that any of the following interrogatories and/or requests for production may be deemed overlapping or redundant in coverage, this is intentional, calculated to lead to the discovery of all relevant information, documents and things, and is not a basis for objection recognized under the rules of discovery.

## COMBINED INTERROGATORIES AND REQUESTS FOR PRODUCTION

1. Identify each person who has personal knowledge of information obtained, indirectly or directly, by Defendant to respond to these Interrogatories and Requests for Production, and for each such person, identify the discovery requests herein for which he or she provided information.

2. Identify each and every business entity in which Defendant holds any ownership or proprietary interest whatsoever (excluding companies whose shares are publicly traded), including a brief description of the business of each such entity.

3. Identify each and every person holding any ownership or proprietary interest whatsoever in companies or business entities known or doing business as "Landa and Associates", "Cell Site

Leasing", "www.Rohntowers.com", "www.surplustowers.com", "www.usedtowers.com", "www.cellsiteleasing.com" and "www.bxtowers.com".

4.  Identify each and every person who is, or has been, at any time from and including the year 2002 through the present, an employee of Defendant in connection with the business of "Landa and Associates", "Cell Site Leasing", "www.Rohntowers.com", "www.surplustowers.com", "www.usedtowers.com", "www.cellsiteleasing.com" and "www.bxtowers.com", including his or her job title.

5.  (a)  Identify the person(s) or entity(ies) from whom Defendant acquired the domain names "rohntowers.com" and "bxtowers.com";

   (b)  Describe the consideration Defendant gave (and state the dollar amount, if applicable) for such acquisitions;

   (c)  Produce all documents relating such acquisitions; and

   (d)  Produce all documents relating to registration and maintenance of registration of such domain names.

6.  (a)  List each and every domain name owned or registered by Defendant for himself or on behalf of any other entity; and

   (b)  For each and every such domain name, produce all documents relating to registration and maintenance of registration of such domain name.

7.  (a)  Identify each and every person and entity who has provided Defendant services in any way relating to the design and programming of the web sites found, currently or at any time prior to the date of your answers hereto, at the Internet addresses www.rohntowers.com and www.bxtowers.com;

7

(b) For each person and entity identified in your response to part (a) above, describe the nature of the services provided by such person and entity; and

(c) Produce all documents relating to such services.

8. (a) Identify each and every person and entity who has hosted Defendant's web sites found currently, or at any time prior to the date of your answers hereto, at the Internet addresses www.rohntowers.com and www.bxtowers.com; and

(b) Produce all documents constituting or reflecting logs or records of visits or other activity by Internet users on Defendant's web sites currently found at the Internet addresses www.rohntowers.com and www.bxtowers.com.

9. Referring to Paragraphs 27, 28 and 33 of Defendant's Answer to Amended Complaint, and in Paragraphs 8 and 9 of Defendant's Affirmative Defenses, in which Defendant alleges that he has received a license, permission or consent to use ROHN promotional materials, and, to the extent Defendant is alleging he has a license or permission to use the ROHN mark and/or engage in the other acts complained of in Plaintiff's First Amended Complaint:

(a) State all facts upon which Defendant bases his allegation that Defendant has received such license, permission or consent (including in your statement the identities of all witnesses who allegedly granted such license, permission or consent, and other witnesses having personal knowledge of such facts); and

(b) Produce each and every document relating to such license, permission or consent.

10. (a) State all facts upon which Defendant bases his allegation that Plaintiff's claims are barred by laches, waiver and/or estoppel, as set forth in Defendant's Affirmative Defenses 4, 5

and 7 (including in your statement the identities of all witnesses having personal knowledge of such facts); and

(b) <u>Produce</u> each and every document upon which Defendant relies to support his allegation that Plaintiff's claims are barred by laches, waiver and/or estoppel, as set forth in Defendant's Affirmative Defenses 4, 5 and 7.

11. (a) State all facts upon which Defendant bases his allegation that Plaintiff's claims are barred by "unclean hands", as set forth in Defendant's Affirmative Defense 6 (including in your statement the identities of all witnesses having personal knowledge of such facts); and

(b) <u>Produce</u> each and every document upon which Defendant relies to support his allegation that Plaintiff's claims are barred by "unclean hands", as set forth in Defendant's Affirmative Defense 6.

12. (a) State all facts upon which Defendant bases his allegation that "Rohn Industries, Inc. has abandoned its alleged 'ROHN' mark(s)", as set forth in Defendant's Affirmative Defense 11 (including in your statement the identities of all witnesses having personal knowledge of such facts); and

(b) <u>Produce</u> each and every document upon which Defendant relies to support his allegation that "Rohn Industries, Inc. has abandoned its alleged 'ROHN' mark(s)", as set forth in Defendant's Affirmative Defense 11.

13. (a) State all facts upon which Defendant bases his allegation that "Defendant's use constitutes fair use", as set forth in Defendant's Affirmative Defense 12 (including in your statement the identities of all witnesses having personal knowledge of such facts); and

  (b) <u>Produce</u> each and every document upon which Defendant relies to support his allegation that "Defendant's use constitutes fair use", as set forth in Defendant's Affirmative Defense 12.

14. Referring to 15 U.S.C. § 1117(a) as to usage of the terms "sales", "cost", "deduction" and "profit", for all of the time during which Defendant has maintained a web site at the Internet address <u>www.rohntowers.com</u>:

  (a) Set forth, by month and total dollar amount, all sales Defendant has made of communications towers, or accompanying equipment or parts thereof;

  (b) Set forth, by month and total dollar amount, all elements of cost or deduction claimed by which Defendant would calculate profits on such sales under 15 U.S.C. § 1117(a); and

  (c) <u>Produce</u> all documents and records recording, reflecting or evidencing such sales, costs or deductions.

15. Referring to 15 U.S.C. § 1117(a) as to usage of the terms "sales", "cost", "deduction" and "profit", for all of the time during which Defendant has maintained a web site at the Internet address <u>www.bxtowers.com</u>:

  (a) Set forth, by month and total dollar amount, all sales Defendant has made of communications towers, or accompanying equipment or parts thereof;

  (b) Set forth, by month and total dollar amount, all elements of cost or deduction claimed by which Defendant would calculate profits on such sales; and

  (c) <u>Produce</u> all documents and records recording, reflecting or evidencing such sales, costs or deductions.

16. (a) For each and every instance in which Defendant has received a communication, in any form, in which Defendant or a person acting on Defendant's behalf knew or learned that the sender or caller (i) believed at any time he or she was contacting Old Rohn or Radian; (ii) was attempting or had intended to contact Old Rohn or Radian; or (iii) believed at any time he or she was contacting an authorized distributor or dealer of Old Rohn or Radian, please set forth a description of such communication, including in such description the date of the communication, the identity of the caller or sender of the communication, the identity of the recipient of the communication, and a brief summary of the substance of the communication; and

(b) Produce each and every document relating to each such communication.

17. (a) Identify each and every person and business entity outside of Defendant who has provided any services to Defendant relating to labeling or packaging design, advertising, marketing or promotion, or designed or produced labeling, packaging, marketing, advertising or promotional materials, for any product or service identified by or bearing any name or mark containing the word "ROHN" or the word "BX TOWERS"; and

(b) Produce all documents relating to such services.

18. (a) Identify, by case caption, docket number, name of court and year commenced, all other actions in which Defendant or any entity owned or controlled by Defendant has been a party (either as plaintiff, defendant or otherwise), which involved allegations of trademark infringement or unfair competition, or which related to communications towers or related equipment, parts or services in any way.

(b) Produce all documents relating to any actions identified in your response to part (a) above.

## ADDITIONAL REQUESTS FOR PRODUCTION

19. If Defendant intends to assert in this case that he relied upon opinion or advice of counsel, in defense against Plaintiff's allegations of willful and intentional trademark infringement, counterfeiting, cybersquatting, or unfair competition:

    (a)  Produce all documents delivered or shown by Defendant to the attorney(s) upon whose advice Defendant will assert he relied, relating in any way to such opinion or advice; and

    (b)  Produce all documents delivered or shown by such attorney(s) to Defendant relating in any way to such opinion or advice.

20. Produce an example of each and every item of Defendant's labeling, packaging design, invoices, purchase orders, letterhead and other forms for business communications, business cards, and marketing or promotional materials, which Defendant has prepared, printed, used or published, in or on any medium, at any time, for any business use relating in any way to communications towers or related products or services.

21. Produce each and every document relating to terms under which Defendant "acted as a distributor of Rohn Industries, Inc." as Defendant alleges in Paragraph 32 of his Answer to Amended Complaint.

22. Produce an example of each and every item of advertising Defendant has published in any way, in or on any medium, relating in any way to communications towers or related products or services.

23. <u>Produce</u> all documents and things bearing or containing programming code for any web sites Defendant has put up or maintained at any time at the Internet addresses www.rohntowers.com, www.bxtowers.com, and www.cellsiteleasing.com.

24. <u>Produce</u> all documents created by Defendant or others relating to the design and programming of any web sites Defendant has put up or maintained at any time at the Internet addresses www.rohntowers.com, www.bxtowers.com, and www.cellsiteleasing.com.

25. <u>Produce</u> an example of each and every item of Old Rohn's marketing or promotional materials for which Defendant contends he has a license, permission or consent to use, as Defendant alleges in Paragraphs 27, 28 and 33 of Defendant's Answer to Amended Complaint, and in Paragraphs 8 and 9 of Defendant's Affirmative Defenses.

26. <u>Produce</u> an example of each and every item of Old Rohn's and Radian's marketing or promotional materials which Defendant has used at any time to market or promote goods or services which Defendant has offered at any time.

27. <u>Produce</u> all documents and records recording, reflecting or evidencing Defendant's purchases of new ROHN brand products at any time.

28. <u>Produce</u> all documents and records recording, reflecting or evidencing Defendant's purchases of new BX TOWERS brand products at any time.

29. <u>Produce</u> all documents and records recording, reflecting or evidencing Defendant's purchases of used ROHN brand products at any time.

30. <u>Produce</u> all documents and records recording, reflecting or evidencing Defendant's purchases of used BX TOWERS brand products at any time.

31. <u>Produce</u> all documents and records recording, reflecting or evidencing Defendant's sales of new ROHN brand products at any time.

32. <u>Produce</u> all documents and records recording, reflecting or evidencing Defendant's sales of new BX TOWERS brand products at any time.

33. <u>Produce</u> all documents and records recording, reflecting or evidencing Defendant's sales of used ROHN brand products at any time.

34. <u>Produce</u> all documents and records recording, reflecting or evidencing Defendant's sales of used BX TOWERS brand products at any time.

35. <u>Produce</u> all documents and records recording, reflecting or evidencing revenues Defendant has received as a result of sales of ROHN brand products at any time, regardless of whether Defendant ever held title to such products.

36. <u>Produce</u> all documents and records recording, reflecting or evidencing revenues Defendant has received as a result of sales of BX TOWERS brand products at any time, regardless of whether Defendant ever held title to such products.

37. <u>Produce</u> all documents relating to Defendant's purchase of products from Old Rohn and Radian at any time.

38. <u>Produce</u> all documents relating to communications between Defendant and Old Rohn or Radian at any time.

39. <u>Produce</u> all documents relating to communications between Defendant and Brian Pemberton at any time.

40. <u>Produce</u> all documents relating to communications between Defendant and Horace Ward at any time.

41. <u>Produce</u> all documents relating to communications between Defendant and William E. Gallagher (Plaintiff's attorney).

42. <u>Produce</u> all documents relating to communications between Defendant and Craig Ahlstrom at any time.

43. <u>Produce</u> all documents received by Defendant from Old Rohn or Radian at any time.

44. <u>Produce</u> all documents sent by Defendant to Old Rohn or Radian at any time.

45. <u>Produce</u> all documents relating to the acquisition by Defendant, for himself or on behalf of any other entity, of any domain name.

46. <u>Produce</u> all documents relating to the registration and maintenance of registration by Defendant, for himself or on behalf of any other entity, of any domain name.

47. <u>Produce</u> all documents relating to the acquisition, by Defendant or any entity owned or controlled by Defendant, of any domain name.

48. <u>Produce</u> all documents relating to the registration and maintenance of registration, by Defendant or any entity owned or controlled by Defendant, of any domain name.

49. <u>Produce</u> all documents relating to any investigation, survey, poll or interviews concerning whether any persons have been, or are likely to be, deceived or confused as to a perception of identity, affiliation, connection, association, sponsorship or approval between Defendant and Old Rohn, Defendant and Radian, or Defendant and the entity that manufactures ROHN brand products.

50. <u>Produce</u> all documents relating to comments, opinions or complaints by or from persons outside Defendant's business operation, concerning ROHN brand products or BX TOWERS brand products sold by Defendant, or Defendant's actions or conduct in connection with sales of such products, at any time.

51. <u>Produce</u> all documents relating to comments, opinions or complaints by or from persons outside Defendant's business operation, concerning Defendant's use of the word or mark ROHN or BX TOWERS, or Defendant's operation of the web sites at the addresses www.rohntowers.com and www.bxtowers.com.

52. <u>Produce</u> all documents relating to any complaints, allegations or accusations of trademark infringement, counterfeiting, cybersquatting or unfair competition by any person or entity, under federal or state law, by or against Defendant or any entity owned or controlled by Defendant.

53. <u>Produce</u> all documents and things upon which Defendant may rely to support any defense, allegation, position or argument in this action not set forth in Defendant's Answer to Plaintiff's First Amended Complaint.

54. <u>Produce</u> all documents and things upon which Defendant may rely to support any denial of any allegation in Plaintiff's First Amended Complaint.

55. <u>Produce</u> all documents to which Defendant refers in Defendant's Initial Disclosures To Plaintiff Pursuant To Fed. R. Civ. P. 26(a)(1), which Defendant states are "in the possession of Defendant".

56. <u>Produce</u> all documents relating to communications between Defendant and any of the following individuals, identified in Defendant's Initial Disclosures To Plaintiff Pursuant To Fed. R. Civ. P. 26(a)(1), and which relate to the business of Radian or Old Rohn in any way:

   (a) Duane Werner;
   (b) Pat Healy;
   (c) Scott Wenk;
   (d) Horace Ward;
   (e) Brian Pemberton; and
   (f) Tim Rohn

Respectfully submitted,

*[signature: W Gallagher]*

William E. Gallagher, Lead Counsel
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 651-6800 telephone
(513) 651-6981 facsimile
wgallagher@fbtlaw.com

Timothy L. Bertschy/ #199931
Gregory J. Rastatter/#06280965
Heyl Royster Voelker & Allen
Bank One Building
Suite 600
124 S.W. Adams Street
Peoria, IL 60602
(309) 676-0400 telephone
(309) 676-3374 facsimile
tbertschy@hrva.com
grastatter@hrva.com

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PLAINTIFF'S FIRST COMBINED SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS was served upon the below-listed attorneys of record for Defendant in the above cause by electronic mail to the electronic mail addresses below, and also by enclosing the same in an envelope with postage fully prepaid, and by depositing such envelope in the United States Mail in Cincinnati, Ohio, addressed to such attorneys at their business addresses as disclosed by the pleadings of record on the 24th day of September, 2004:

O. Yale Lewis, Esq.
Hendricks & Lewis
999 Third Avenue
Suite 2675
Seattle, WA 98104
oyl@hllaw.com

Stephen M. Buck, Esq.
Husch & Eppenberger, LLC
401 Main Street
Suite 1400
Peoria, IL 61602
stephen.buck@husch.com

_____
William E. Gallagher