**E-FILED**
Tuesday, 18 January, 2005  03:55:27 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RADIAN COMMUNICATION SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL LANDA, d/b/a LANDA and ASSOCIATES, <br><br> Defendant. | Case No. 04-1197 <br><br> DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST COMBINED SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS |

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the Central District of Illinois, Defendant Michael Landa, d/b/a Landa & Associates (hereinafter "Defendant"), responds to Plaintiff Radian Communication Services, Inc.'s (hereinafter "Plaintiff" or "Radian") First Combined Set of Interrogatories and Requests for Production of Documents.

## GENERAL STATEMENTS AND OBJECTIONS

1.    Defendant objects to each interrogatory and request for production to the extent it requires information outside the scope of discovery authorized by the Federal Rules of Civil Procedure, i.e., information not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks to impose burdens not permitted under the Civil Rules.

2.    Defendant objects to each interrogatory and request for production to the extent it

1  requests information subject to the attorney-client privilege, the attorney work product doctrine,

2  and/or other privileges.

3      3.    The inadvertent production of any information subject to the attorney-client

4  privilege and/or the attorney work product doctrine is not intended to be, and shall not operate as,

5  a waiver of such privilege or doctrine, nor is such inadvertent production intended to be, nor

6  shall it constitute, a waiver of the right to object to use of any such information.

7

8      4.    Documents identified below that are confidential or proprietary or implicate

9  privacy interests of third parties, will be produced upon entry of a protective order.

10      5.    These general objections are expressly incorporated into each of the answers set

11  forth herein.

12  ## COMBINED INTERROGATORIES & REQUESTS FOR PRODUCTION

13

14  **REQUEST NO. 1.**    Identify each person who has personal knowledge of information obtained, indirectly or directly, by Defendant to respond to these Interrogatories and Requests for Production, and for each such person, identify the discovery requests herein for which he or she provided information.

15

16  **RESPONSE:**

17

18  Michael Landa, Request Nos. 1-56.

19

20  **REQUEST NO. 2.**    Identify each and every business entity in which Defendant holds any ownership or proprietary interest whatsoever (excluding companies whose shares are publicly traded), including a brief description of the business of each such entity.

21

22  **RESPONSE:**

23

24  Defendant objects to this request on the grounds that it is overly broad and seeks

25  information that is neither relevant nor likely to lead to the discovery of admissible evidence.

26  Without waiving the foregoing objections, Landa and Associates and Communications Surplus

27  Sales, both of which are involved in the sale of surplus equipment including, in part,

28

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS  - 2 -
{56998.DOC}

communications-related products.

**REQUEST NO. 3.** Identify each and every person holding any ownership or proprietary interest whatsoever in companies or business entities known or doing business as "Landa and Associates", "Cell Site Leasing", "www.Rohntowers.com", "www.surplustowers.com", "www.usedtowers.com", "www.cellsiteleasing.com" and "www.bxtowers.com".

**RESPONSE:**

Defendant objects to this request on the grounds that it is overly broad and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, as to Landa & Associates and www.rohntowers.com: Michael Landa.

**REQUEST NO. 4.** Identify each and every person who is, or has been, at any time from and including the year 2002 through the present, an employee of Defendant in connection with the business of "Landa and Associates", "Cell Site Leasing","www.Rohntowers.com", "www.surplustowers.com", "www.usedtowers.com", "www.cellsiteleasing.com" and "www.bxtowers.com", including his or her job title.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overly broad and unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, as to Landa & Associates: 2002—Christopher Powell, Sean LaBrake; 2003—Rafael Andres, James Brown, Donna Hamlet, Jennifer McAllister, Barbara McCarty; 2004—Timothy Ammons, Rafael Andres, James Brown, Martin Sanchez-Delgado, Julian Dominguez, Donna Hamlet, Jennifer McAllister, Lorrene True, Dawn Newbre, Elizabeth Kennedy, Jerry Randolph. With the exception of Martin Sanchez-Delgado and Julian Dominguez, all of the above individuals were or are assistants. Martin

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS  - 3 -
{56998.DOC}

1

Sanchez-Delgado and Julian Dominguez, yard maintenance.

2

3    **REQUEST NO. 5.**
4    (a)    Identify the person(s) or entity(ies) from whom Defendant
acquired the domain names "rohntowers.com" and "bxtowers.com";
5    (b)    Describe the consideration Defendant gave (and state the dollar
amount, if applicable) for such acquisitions;
6    (c)    Produce all documents relating [to] such acquisitions; and
(d)    Produce all documents relating to registration and maintenance of
7    registration of such domain names.

8    **RESPONSE:**

9    Defendant objects to this request on the grounds that it is overly broad and seeks

10    information and documents that are neither relevant nor likely to lead to the discovery of

11    admissible evidence. Without waiving the foregoing objections, as to the domain name

12    "rohntowers.com," Defendant purchased the domain name from and registered it to Landa and

13

14    Associates through GoDaddy.com in or about November 2002. Defendant cannot recall the

15    specific amount paid for the domain name but believes it was between $8-$10. Defendant will

16    supplement or amend the response as or if necessary. The domain name "rohntowers.com" is

17    currently registered through Domains by Proxy, Inc., as of in or about October 2004. Defendant

18    will produce existing, non-privileged documents relating to the acquisition, registration and

19

20    maintenance of registration of the domain name "rohntowers.com."

21

22    **REQUEST NO. 6.**
23    (a)    List each and every domain name owned or registered by
Defendant for himself or on behalf of any other entity; and
24    (b)    For each and every such domain name, produce all documents
relating to registration and maintenance of registration of such domain name.

25    **RESPONSE:**

26

27    Defendant objects to this request on the grounds that it is overly broad, seeks information

28

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS - 4 -
(56998.DOC)

1   and documents that are neither relevant nor likely to lead to the discovery of admissible evidence

2   and is duplicative or prior requests. Without waiving the foregoing objections, see response to

3   Request No. 5.

4

5

6   **REQUEST NO. 7.**
        (a)    Identify each and every person and entity who has provided

7   Defendant services in any way relating to the design and programming of the web
    sites found, currently or at any time prior to the date of your answers hereto, at the

8   Internet addresses www.rohntowers.com and www.bxtowers.com;
        (b)    For each person and entity identified in your response to part (a)

9   above, describe the nature of the services provided by such person and entity; and
        (c)    Produce all documents relating to such services.

10

    **RESPONSE:**

11

12  Defendant objects to this request on the grounds that it is overly broad and seeks

13  information and documents that are neither relevant nor likely to lead to the discovery of

14  admissible evidence. Without waiving the foregoing objections, as to the website

15  www.rohntowers.com, Gregg Howells of Online Development.com did the original design and

16  copy work for the website as well as originally hosted the website. The website

17  www.rohntowers.com is currently hosted by GoDaddy.com. Defendant will further produce any

18  existing, non-privileged documents relating to the website www.rohntowers.com

19

20

21  **REQUEST NO. 8.**
        (a)    Identify each and every person and entity who has hosted

22  Defendant's web sites found currently, or at any time prior to the date of your
    answers hereto, at the Internet addresses www.rohntowers.com and

23  www.bxtowers.com; and
        (b)    Produce all documents constituting or reflecting logs or records of

24  visits or other activity by Internet users on Defendant's web sites currently found

25  at the Internet addresses www.rohntowers.com and www.bxtowers.com.

26  **RESPONSE:**

27  Defendant objects to this request on the grounds that it is overly broad and seeks

28

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS  - 5 -
{56998.DOC}

1    information and documents that are neither relevant nor likely to lead to the discovery of

2    admissible evidence.  Without waiving the foregoing objections, as to the website

3    www.rohntowers.com:  Greg Howles and GoDaddy.com.  Defendant will further produce any

4    existing, non-privileged documents relating to the website www.rohntowers.com.

5

6

7         **REQUEST NO. 9.**     Referring to Paragraphs 27, 28 and 33 of
     Defendant's Answer to Amended Complaint, and in Paragraphs 8 and 9 of

8    Defendant's Affirmative Defenses, in which Defendant alleges that he has
     received a license, permission or consent to use ROHN promotional materials,

9    and, to the extent Defendant is alleging he has a license or permission to use the
     ROHN mark and/or engage in the other acts complained of in Plaintiff's First

10   Amended Complaint:
          (a)     State all facts upon which Defendant bases his allegation that

11   Defendant has received such license, permission or consent (including in your
     statement the identities of all witnesses who allegedly granted such license,

12   permission or consent, and other witnesses having personal knowledge of such
     facts); and

13        (b)     Produce each and every document relating to such license,

14   permission or consent.

15   **RESPONSE:**

16        Sometime in 2002, former Rohn Industries, Inc. CEO Brian Pemberton and regional sales

17   manager Scott Wenk came to Defendant's office in Washington State to meet with Defendant

18   and talk about his distributorship of Rohn products.  During the meeting, the subject of the

19   www.rohntowers.com website, which was owned by Defendant, came up.  Brian Pemberton told

20

21   Defendant that he could use materials related to Rohn Industries' products on the website to

22   advertise and promote the Rohn products Defendant sold.  Mr. Pemberton further suggested that

23   Defendant call Rohn Industries to obtain material (i.e., jpeg files and the like) to use on the

24   www.rohntowers.com website.  Defendant and Mr. Pemberton and Mr. Wenk also discussed

25   other issues relating to Defendant's distributorship of Rohn products at the meeting.  Sean

26

27   LaBrake, a former employee of Defendant, was also present during the meeting.  Following Mr.

28

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS  - 6 -
{56998.DOC}

1    Pemberton's suggestion, Defendant subsequently spoke with Tim Rohn of Rohn Industries about

2    the Rohn Industries' catalog, which Rohn Industries then sent to Defendant on a disk for

3    Defendant's use on the website www.rohntowers.com. Sometime later, Defendant also received

4    a new catalog on disk from Rohn Industries.

5           Prior to the initiation of this action, Defendant was also contacted by Horace Ward,

6    CEO/president of Rohn Industries, regarding the website www.rohntowers.com. Defendant told

7    Mr. Ward that Landa and Associates was a distributor of Rohn products and that the former

8    CEO, Mr. Pemberton, had given Defendant permission to use Rohn Industries related material on

9
10   the website www.rohntowers.com. Mr. Ward subsequently followed up with Defendant,

11   confirming that Defendant had been given permission to use the materials on the website

12   www.rohntowers.com. During the second conversation, Mr. Ward also agreed to correct the

13   invoices from Rohn Industries to Defendant to reflect the agreed-upon discount that Rohn

14   Industries had been providing to Defendant.

15
16          Defendant will further produce any existing, non-privileged documents.

17   **REQUEST NO. 10.**
             (a)    State all facts upon which Defendant bases his allegation that
18   Plaintiff's claims are barred by laches, waiver and/or estoppel, as set forth in
     Defendant's Affirmative Defenses 4, 5 and 7 (including in your statement the
19   identities of all witnesses having personal knowledge of such facts); and
             (b)    Produce each and every document upon which Defendant relies to
20   support his allegation that Plaintiff's claims are barred by laches, waiver and/or
     estoppel, as set forth in Defendant's Affirmative Defenses 4, 5, and 7.
21

22   **RESPONSE:**

23          See response to Request No. 9. Defendant further will amend and/or supplement the

24   response as necessary or appropriate as discovery continues. Defendant will produce any

25   existing, non-privileged documents.

26

27

28
     DEFENDANT'S OBJECTIONS AND RESPONSES TO
     PLAINTIFF'S FIRST DISCOVERY REQUESTS  - 7 -
     {56998.DOC}

**REQUEST NO. 11.**

      a)    State all facts upon which Defendant bases his allegation that Plaintiff's claims are barred by "unclean hands", as set forth in Defendant's Affirmative Defense 6 (including in your statement the identities of all witnesses having personal knowledge of such facts); and

      (b)    <u>Produce</u> each and every document upon which Defendant relies to support his allegation that Plaintiff's claims are barred by "unclean hands", as set forth in Defendant's Affirmative Defense 6.

**RESPONSE:**

See response to Request No. 9. Defendant further will amend and/or supplement the response as necessary or appropriate as discovery continues. Defendant will produce any existing, non-privileged documents.

**REQUEST NO. 12.**

      (a)    State all facts upon which Defendant bases his allegation that "Rohn Industries, Inc. has abandoned its alleged 'ROHN' mark(s)", as set forth in Defendant's Affirmative Defense 11 (including in your statement the identities of all witnesses having personal knowledge of such facts); and

      (b)    <u>Produce</u> each and every document upon which Defendant relies to support his allegation that "Rohn Industries, Inc. has abandoned its alleged 'ROHN' mark(s)", a set forth in Defendant's Affirmative Defense 11.

**RESPONSE:**

Upon information and belief, the alleged "ROHN" mark(s) and the Rohn Industries catalog are widely-used, at least, on websites that do not appear to be owned or operated by Rohn Industries and/or Radian Communication Services, which sell or otherwise promote Rohn products. Defendant further will amend and/or supplement the response as necessary or appropriate as discovery continues. Defendant will further produce any existing, non-privileged documents.

**REQUEST NO. 13.**

      (a)    State all facts upon which Defendant bases his allegation that "Defendant's use constitutes fair use", as set forth in Defendant's Affirmative

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS - 8 -
{56998.DOC}

1    Defense 12 (including in your statement the identities of all witnesses having
     personal knowledge of such facts); and

2           (b)    Produce each and every document upon which Defendant relies to
     support his allegation that "Defendant's use constitutes fair use", as set forth in

3    Defendant's Affirmative Defense 12.

4    **RESPONSE:**

5    See responses to Request Nos. 9, 12. As a distributor, Defendant was granted a license

6    and/or given approval to use Rohn Industries related material on the website

7
     www.rohntowers.com by the former CEO of Rohn Industries, Brian Pemberton. As was true at
8
     the time Rohn Industries gave this license or approval, Defendant sells (among other items) new
9
10   and used Rohn equipment and therefore promotes that equipment on the website

11   www.rohntowers.com. Defendant's use is consistent with the numerous other similar uses by

12   other persons and entities that promote and sell new and used Rohn equipment. Defendant will

13   further produce any existing, non-privileged documents.

14

15

16          **REQUEST NO. 14.**    Referring to 15 U.S.C. § 1117(a) as to usage of the
     terms "sales", "cost", "deduction" and "profit", for all of the time during which
17   Defendant has maintained a web site at the Internet address
     www.rohntowers.com:
18          (a)    Set forth, by month and total dollar amount, all sales Defendant
     has made of communications towers, or accompanying equipment or parts
19   thereof;
            (b)    Set forth, by month and total dollar amount, all elements of cost or
20   deduction claimed by which Defendant would calculate profits on such sales
     under 15 U.S.C. § 1117(a); and
21          (c)    Produce all documents and records recording, reflecting or
22   evidencing such sales, costs or deductions.

23   **RESPONSE:**

24   Defendant objects to this request on the grounds that it is overly broad and unduly

25   burdensome and seeks information and documents that are neither relevant nor likely to lead to

26   the discovery of admissible evidence. Without waiving the foregoing objections, Defendant will

27

28
     DEFENDANT'S OBJECTIONS AND RESPONSES TO
     PLAINTIFF'S FIRST DISCOVERY REQUESTS  - 9 -
     {56998.DOC}

1  produce information relating to the sales, cost and deductions relating to Rohn equipment upon

2  entry of a protective order.

3

4      **REQUEST NO. 15.**    Referring to 15 U.S.C. § 1117(a) as to usage of the
5  terms "sales", "cost", "deduction" and "profit", for all of the time during which
   Defendant has maintained a web site at the Internet address www.bxtowers.com:
6      (a)    Set forth, by month and total dollar amount, all sales Defendant
   has made of communications towers, or accompanying equipment or parts
7  thereof;
8      (b)    Set forth, by month and total dollar amount, all elements of cost or
   deduction claimed by which Defendant would calculate profits on such sales; and
9      (c)    Produce all documents and records recording, reflecting or
   evidencing such sales, costs or deductions.

10  **RESPONSE:**

11
12  Defendant objects to this request on the grounds that it is overly broad and seeks

13  information and documents that are neither relevant nor likely to lead to the discovery of

14  admissible evidence.

15

16  **REQUEST NO. 16.**
17      (a)    For each and every instance in which Defendant has received a
   communication, in any form, in which Defendant or a person acting on
18  Defendant's behalf knew or learned that the sender or caller (i) believed at any
   time he or she was contacting Old Rohn or Radian; (ii) was attempting or had
19  intended to contact Old Rohn or Radian; or (iii) believed at any time he or she
   was contacting an authorized distributor or dealer of Old Rohn or Radian, please
20  set forth a description of such communication, including in such description the
   date of the communication, the identity of the caller or sender of the
21  communication, the identity of the recipient of the communication, and a brief
   summary of the substance of the communication; and
22      (b)    Produce each and every document relating to such communication.

23  **RESPONSE:**

24
25  Defendant is not aware of any such communications at this time and therefore has no

26  responsive documents. Defendant will supplement or amend this response as or if necessary.

27

28
   DEFENDANT'S OBJECTIONS AND RESPONSES TO
   PLAINTIFF'S FIRST DISCOVERY REQUESTS - 10 -
   {56998.DOC}

**REQUEST NO. 17.**

(a)     Identify each and every person and business entity outside of Defendant who has provided any services to Defendant relating to labeling or packaging design, advertising, marketing or promotion, or designed or produced labeling, packaging, marketing, advertising or promotional materials, for any product or service identified by or bearing any name or mark containing the word "ROHN" or the word "BX TOWERS"; and

(b)     Produce all documents relating to such services.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overly broad and seeks information and documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, as to the use of the term "ROHN," see responses to Request Nos. 7, 8, 9. Defendant further states that Defendant set up a page through the website eBay.com on which Defendant indicated that Landa & Associates had, among other items, specific Rohn equipment for sale. Numerous other individuals or entities not associated with Defendant similarly sell Rohn equipment on the website eBay.com. Defendant further will produce any existing, non-privileged documents.

**REQUEST NO. 18.**

(a)     Identify, by case caption, docket number, name of court and year commenced, all other actions in which Defendant or any entity owned or controlled by Defendant has been a party (either as plaintiff, defendant or otherwise), which involved allegations of trademark infringement or unfair competition, or which related to communications towers or related equipment, parts or services in any way.

(b)     Produce all documents relating to any actions identified in your response to part (a) above.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overly broad and seeks information and documents that are neither relevant nor likely to lead to the discovery of admissible evidence and that are subject to attorney client privilege or work product. Without

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS - 11 -
{56998.DOC}

1   waiving the foregoing objections, there are no such actions relating to trademark infringement or

2   unfair competition.  As to proceedings relating to Rohn communications towers or related

3   equipment: *Frankfort Tower Industries, Inc., Plaintiff v. Landa & Associates, Defendant*, Case

4   No. 04 LM 1034 (Circuit Court of Illinois, Tenth Judicial Circuit, Peoria County) (filed May 24,

5   2004).  Defendant will further produce the complaint in said action.

6

7

8                    ## ADDITIONAL REQUESTS FOR PRODUCTION

9           **REQUEST NO. 19.**    If Defendant intends to assert in this case that he
    relied upon opinion or advice of counsel, in defense against Plaintiff's allegations
10  of willful and intentional trademark infringement, counterfeiting, cybersquatting,
    or unfair competition:
11          (a)    Produce all documents delivered or shown by Defendant to the
    attorney(s) upon whose advice Defendant will assert he relied, relating in any way
12  to such opinion or advice; and
            (b)    Produce all documents delivered or shown by such attorney(s) to
13  Defendant relating in any way to such opinion or advice.

14  **RESPONSE:**

15
            Defendant has no responsive documents at this time.
16

17

18          **REQUEST NO. 20.**    Produce an example of each and every item of
    Defendant's labeling, packaging design, invoices, purchase orders, letterhead and
19  other forms for business communications, business cards, and marketing or
    promotional materials, which Defendant has prepared, printed, used or published,
20  in or on any medium, at any time, for any business use relating in any way to
    communications towers or related products or services.
21

22  **RESPONSE:**

23          Defendant objects to this request on the grounds that it is overly broad and seeks

24  documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

25  Without waiving the foregoing objections, Defendant will produce any such existing documents

26  relating to Landa & Associates' www.rohntowers.com website.

27

28
    DEFENDANT'S OBJECTIONS AND RESPONSES TO
    PLAINTIFF'S FIRST DISCOVERY REQUESTS - 12 -
    {56998.DOC}

**REQUEST NO. 21.**  Produce each and every document relating to terms under which Defendant "acted as a distributor of Rohn Industries, Inc." as Defendant alleges in Paragraph 32 of his Answer to Amended Complaint.

**RESPONSE:**

Defendant objects to this request on the grounds that it is vague and ambiguous. Without waiving the foregoing objection, Defendant will produce any existing, non-privileged documents. To the extent any of the requested documents contain confidential information, Defendant will produce any such non-privileged confidential documents upon entry of a protective order. See also documents produced by Plaintiff, including without limitation R 000144.

**REQUEST NO. 22.**  Produce an example of each and every item of advertising Defendant has published in any way, in or on any medium, relating in any way to communications towers or related products or services.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, see response to Request No. 20.

**REQUEST NO. 23.**  Produce all documents and things bearing or containing programming code for any web sites Defendant has put up or maintained at any time at the Internet addresses www.rohntowers.com, www.bxtowers.com, and www.cellsiteleasing.com.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS  - 13 -
{56998.DOC}

Without waiving the foregoing objections, Defendant will produce any existing, non-privileged

documents relating to the website www.rohntowers.com.

**REQUEST NO. 24.**    Produce all documents created by Defendant or others relating to the design and programming of any web sites Defendant has put up or maintained at any time at the Internet addresses www.rohntowers.com, www.bxtowers.com and www.cellsiteleasing.com.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overly broad and seeks

documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, see response to Request No. 23. Defendant will

further produce any existing, non-privileged documents relating to the website

www.rohntowers.com.

**REQUEST NO. 25.**    Produce an example of each and every item of Old Rohn's marketing or promotional materials for which Defendant contends he has a license, permission or consent to use, as Defendant alleges in Paragraphs 27, 28 and 33 of Defendant's Answer to Amended Complaint, and in Paragraphs 8 and 9 of Defendant's Affirmative Defenses.

**RESPONSE:**

Defendant will produce any such existing documents relating to Landa & Associates'

www.rohntowers.com website.

**REQUEST NO. 26.**    Produce an example of each and every item of Old Rohn's and Radian's marketing or promotional materials which Defendant has used at any time to market or promote goods or services which Defendant has offered at any time.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overly broad and seeks

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS - 14 -
{56998.DOC}

1    documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

2    Without waiving the foregoing objections, Defendant will produce any such existing documents

3    relating to Landa & Associates' www.rohntowers.com website.

4

5        **REQUEST NO. 27.**    Produce all documents and records recording,

6    reflecting or evidencing Defendant's purchases of new ROHN brand products at
     any time.

7

8        **RESPONSE:**

9        Defendant objects to this request on the grounds that it is overly broad and seeks

10    documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

11    Without waiving the foregoing objections, Defendant will produce any existing documents. To

12    the extent any of the requested documents contain confidential information, Defendant will

13    produce any such confidential documents upon entry of a protective order.

14

15

16        **REQUEST NO. 28.**    Produce all documents and records recording,
     reflecting or evidencing Defendant's purchase of new BX TOWERS brand

17    products at any time.

18        **RESPONSE:**

19        Defendant objects to this request on the grounds that it is overly broad and seeks

20    documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

21

22

23        **REQUEST NO. 29.**    Produce all documents and records recording,
     reflecting or evidencing Defendant's purchases of used ROHN brand products at

24    any time.

25        **RESPONSE:**

26        Defendant objects to this request on the grounds that it is overly broad and seeks

27    documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

28

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS  - 15 -
{56998.DOC}

1  Without waiving the foregoing objections, Defendant will produce any existing documents. To

2  the extent any of the requested documents contain confidential information, Defendant will

3  produce any such confidential documents upon entry of a protective order.

4

5  **REQUEST NO. 30.**    Produce all documents and records recording,

6  reflecting or evidencing Defendant's purchases of used BX TOWERS brand
   products at any time.

7

8  **RESPONSE:**

9  Defendant objects to this request on the grounds that it is overly broad and seeks

10  documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

11

12  **REQUEST NO. 31.**    Produce all documents and records recording,

13  reflecting or evidencing Defendant's sales of new ROHN brand products at any
   time.

14

15  **RESPONSE:**

16  Defendant objects to this request on the grounds that it is overly broad and seeks

17  documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

18  Without waiving the foregoing objections, Defendant will produce any existing documents. To

19  the extent any of the requested documents contain confidential information, Defendant will

20  produce any such confidential documents upon entry of a protective order.

21

22

23  **REQUEST NO. 32.**    Produce all documents and records recording,

   reflecting or evidencing Defendant's sales of new BX TOWERS brand products

24  at any time.

25  **RESPONSE:**

26  Defendant objects to this request on the grounds that it is overly broad and seeks

27  documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

28

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS  - 16 -
{56998.DOC}

1

2

**REQUEST NO. 33.**    Produce all documents and records recording, reflecting or evidencing Defendant's sales of used ROHN brand products at any time.

3

**RESPONSE:**

4

5

6

7

8

9

Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendant will produce any existing documents. To the extent any of the requested documents contain confidential information, Defendant will produce any such confidential documents upon entry of a protective order.

10

11

12

**REQUEST NO. 34.**    Produce all documents and records recording, reflecting or evidencing Defendant's sales of used BX TOWERS brand products at any time.

13

**RESPONSE:**

14

15

16

Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

17

18

19

20

**REQUEST NO. 35.**    Produce all documents and records recording, reflecting or evidencing revenues Defendant has received as a result of sales of ROHN brand products at any time, regardless of whether Defendant ever held title to such products.

21

**RESPONSE:**

22

Defendant will produce any existing documents upon entry of a protective order.

23

24

25

26

**REQUEST NO. 36.**    Produce all documents and records recording, reflecting or evidencing revenues Defendant has received as a result of sales of BX TOWERS brand products at any time, regardless of whether Defendant ever held title to such products.

27

**RESPONSE:**

28

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS - 17 -
{5699&.DOC}

1     Defendant objects to this request on the grounds that it is overly broad and seeks

2     documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

3

4         **REQUEST NO. 37.**     Produce all documents relating to Defendant's
5     purchase of products from Old Rohn and Radian at any time.

6     **RESPONSE:**

7     Defendant objects to this request on the grounds that it is overly broad and seeks

8     documents that are neither relevant nor likely to lead to the discovery of admissible evidence and

9     that are subject to attorney client privilege or work product. Without waiving the foregoing

10    objections, see responses to Request Nos. 27-30.

11

12

13        **REQUEST NO. 38.**     Produce all documents relating to communications
14    between Defendant and Old Rohn or Radian at any time.

15    **RESPONSE:**

16    Defendant objects to this request on the grounds that it is overly broad, unduly

17    burdensome and seeks documents that are neither relevant nor likely to lead to the discovery of

18    admissible evidence. Without waiving the foregoing objections, Defendant will produce any

19    existing, non-privileged documents.

20

21

22        **REQUEST NO. 39.**     Produce all documents relating to communications
22    between Defendant and Brian Pemberton at any time.

23    **RESPONSE:**

24    Defendant objects to this request on the grounds that it is overly broad and seeks

25    documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

26    Without waiving the foregoing objections, Defendant will produce any existing, non-privileged

27

28

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS - 18 -
(56998.DOC)

1   documents.

2

3   **REQUEST NO. 40.**    Produce all documents relating to communications
4   between Defendant and Horace Ward at any time.

5   **RESPONSE:**

6   Defendant objects to this request on the grounds that it is overly broad and seeks

7   documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

8   Without waiving the foregoing objections, Defendant will produce any existing, non-privileged

9   documents.

10

11

12   **REQUEST NO. 41.**    Produce all documents relating to communications
     between Defendant and William E. Gallagher (Plaintiff's attorney).

13   **RESPONSE:**

14
     Defendant objects to this request on the grounds that it is overly broad and seeks
15

16   documents that are neither relevant nor likely to lead to the discovery of admissible evidence and

17   that are subject to the attorney client privilege or work product.  Without waiving the foregoing

18   objections, Defendant will produce any existing, non-privileged documents.

19

20   **REQUEST NO. 42.**    Produce all documents relating to communications
21   between Defendant and Craig Ahlstrom at any time.

22   **RESPONSE:**

23   Defendant objects to this request on the grounds that it is overly broad and seeks

24   documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

25   Without waiving the foregoing objections, Defendant will produce any existing, non-privileged

26   documents.

27

28

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS  - 19 -
{56998.DOC}

**REQUEST NO. 43.**    Produce all documents received by Defendant from Old Rohn or Radian at any time.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, see responses to Request Nos. 9, 21, 25, 26, 38-42.

**REQUEST NO. 44.**    Produce all documents sent by Defendant to Old Rohn or Radian at any time.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, see responses to Request Nos. 21, 27-30, 37, 38, 42.

**REQUEST NO. 45.**    Produce all documents relating to the acquisition by Defendant, for himself or on behalf of any other entity, of any domain name.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, see responses to Request Nos. 5-6.

**REQUEST NO. 46.**    Produce all documents relating to the registration and maintenance of registration by Defendant, for himself or on behalf of any other entity, of any domain name.

**RESPONSE:**

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS  - 20 -
{56998.DOC}

1   Defendant objects to this request on the grounds that it is overly broad and seeks

2   documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

3   Without waiving the foregoing objections, see responses to Request Nos. 5-6, 45.

4

5       **REQUEST NO. 47.**    Produce all documents relating to the acquisition,

6   by Defendant or any entity owned or controlled by Defendant, of any domain
    name.

7

8   **RESPONSE:**

9   Defendant objects to this request on the grounds that it is overly broad and seeks

10  documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

11  Without waiving the foregoing objections, see responses to Request Nos. 5-6, 45-46.

12

13      **REQUEST NO. 48.**    Produce all documents relating to the registration

14  and maintenance of registration, by Defendant or any entity owned or controlled
    by Defendant, of any domain name.

15

16  **RESPONSE:**

17  Defendant objects to this request on the grounds that it is overly broad and seeks

18  documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

19  Without waiving the foregoing objections, see responses to Request Nos. 5-6, 45-47.

20

21      **REQUEST NO. 49.**    Produce all documents relating to any investigation,

22  survey, poll or interviews concerning whether any persons have been, or are likely

23  to be, deceived or confused as to a perception of identity, affiliation, connection,
    association, sponsorship or approval between Defendant and Old Rohn,

24  Defendant and Radian, or Defendant and the entity that manufactures ROHN
    brand products.

25  **RESPONSE:**

26

27  Defendant objects to this request on the grounds that it seeks documents that are subject

28

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS  - 21 -
{56998.DOC}

1    to the attorney-client privilege or work product doctrine. Without waiving the foregoing

2    objections, Defendant does not have responsive documents at this time.

3

4    **REQUEST NO. 50.**    Produce all documents relating to comments,
5    opinions or complaints by or from persons outside Defendant's business
     operation, concerning ROHN brand products or BX TOWERS brand products
6    sold by Defendant, or Defendant's actions or conduct in connection with sales of
     such products, at any time.
7

8    **RESPONSE:**

9    Defendant objects to this request on the grounds that it is overly broad and seeks

10   documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

11   Without waiving the foregoing objections, Defendant will produce any existing, non-privileged

12   documents relating to "ROHN brand products."

13

14

15   **REQUEST NO. 51.**    Produce all documents relating to comments,
     opinions or complaints by or from persons outside Defendant's business
16   operation, concerning Defendant's use of the word or mark ROHN or BX
     TOWERS, or Defendant's operation of the web sites at the addresses
17   www.rohntowers.com and www.bxtowers.com.

18   **RESPONSE:**

19   Defendant objects to this request on the grounds that it is overly broad and seeks

20   documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

21   Without waiving the foregoing objections, Defendant will produce any existing, non-privileged
22
     documents relating to the use of the word "ROHN" and the website www.rohntowers.com.
23

24

25   **REQUEST NO. 52.**    Produce all documents relating to any complaints,
     allegations or accusations of trademark infringement, counterfeiting,
26   cybersquatting or unfair competition by any person or entity, under federal or
     state law, by or against Defendant or any entity owned or controlled by
27   Defendant.

28
     DEFENDANT'S OBJECTIONS AND RESPONSES TO
     PLAINTIFF'S FIRST DISCOVERY REQUESTS  - 22 -
     {56998.DOC}

**RESPONSE:**

Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendant has no responsive documents.

**REQUEST NO. 53.**    Produce all documents and things upon which Defendant may rely to support any defense, allegation, position or argument in this action not set forth in Defendant's Answer to Plaintiff's First Amended Complaint.

**RESPONSE:**

See responses to Request Nos. 1-56. Defendant further responds that he will supplement the response as necessary or appropriate as discovery continues.

**REQUEST NO. 54.**    Produce all documents and things upon which Defendant may rely to support any denial of any allegation in Plaintiff's First Amended Complaint.

**RESPONSE:**

See responses to Request Nos. 1-56. Defendant further responds that he will supplement the response as necessary or appropriate as discovery continues.

**REQUEST NO. 55.**    Produce all documents to which Defendant refers in Defendant's Initial Disclosures to Plaintiff Pursuant to Fed. R. Civ. P. 26(a)(1), which Defendant states are "in the possession of Defendant".

**RESPONSE:**

Defendant will produce any existing, non-privileged documents.

**REQUEST NO. 56.**    Produce all documents relating to communications

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS  - 23 -
{56998.DOC}

between Defendant and any of the following individuals, identified in Defendant's Initial Disclosures to Plaintiff Pursuant to Fed. R. Civ. P. 26(a)(1), and which relate to the business of Radian or Old Rohn in any way:

     (a)    Duane Werner;
     (b)    Pat Healy;
     (c)    Scott Wenk;
     (d)    Horace Ward;
     (e)    Brian Pemberton; and
     (f)    Tim Rohn.

**RESPONSE:**

Defendant objects to this request on the grounds that it is overly broad and unduly burdensome and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence and that are subject to the attorney client privilege and/or work product. Without waiving the foregoing objections, see responses to Request Nos. 39-40. Defendant further responds that he will produce existing, non-privileged documents.

DATED this 10th day of November, 2004.

Michael Landa, d/b/a Landa and Associates,
Defendant

By: _____
           Stephen M. Buck

STEPHEN M. BUCK
HUSCH & EPPENBERGER, LLC
401 Main Street
Suite 1400
Peoria, Illinois 61601
Telephone: (309) 637-4900
Facsimile: (309) 637-4928

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS - 24 -
(56998.DOC)

## CERTIFICATION

The undersigned has read the foregoing responses and objections to discovery requests and certifies they are in compliance with Rule 26(g), Federal Rules of Civil Procedure.

DATED this _____ day of _____, 2004.

Signed: _____

Typed Name: _____

Address: _____

_____

## VERIFICATION

STATE OF          )
                  )  ss.
COUNTY OF         )

The undersigned, being first duly sworn on oath, deposes and says:

I, _____, am the Defendant herein, and as such am authorized to and do make this verification for and in its behalf; and that I have read the foregoing interrogatories and the answers thereto, know the contents thereof and believe the same to be true.

By: _____
Its: _____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2004, by _____.

_____
Printed Name:
NOTARY PUBLIC in and for the
State of: _____
Residing at: _____
My Appointment Expires: _____

DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST DISCOVERY REQUESTS - 25 -
(56998.DOC)

1

## CERTIFICATE OF SERVICE

2   I hereby certify that on November 10, 2004, I served the foregoing document by Federal

3   Express overnight delivery by depositing same in a box regularly maintained by Federal Express,

4   with delivery fees paid or provided for or by U.S. Postal Service Mail, on the following:

5

6   **By Federal Express**
    William E. Gallagher, Esq.
7   Frost Brown Todd, LLC
    201 East Fifth Street, Suite 2200
8   Cincinnati, OH 45202

9
    **By U.S. Mail**
10  Timothy L. Bertschy, Esq.
    Gregory J. Rastatter, Esq.
11  Heyl, Royster, Voelker & Allen
    124 S.W. Adams, Suite 600
12  Peoria, IL 61602

13

14

15                              _Jennifer Walser_
                                JENNIFER WALSER

16

17

18

19

20

21

22

23

24

25

26

27

28
    DEFENDANT'S OBJECTIONS AND RESPONSES TO
    PLAINTIFF'S FIRST DISCOVERY REQUESTS  - 26 -
    {56998.DOC}