E-FILED
Tuesday, 18 January, 2005  03:56:44 PM
Clerk, U.S. District Court, ILCD

**EXHIBIT D**

| Plaintiff's Request | Defendant's Response | Relevance of Request |
|---|---|---|
| 3. Identify each and every person holding any ownership or proprietary interest whatsoever in companies or business entities known or doing business as "Landa and Associates", "Cell Site Leasing", "www.Rohntowers.com", "www.surplustowers.com", "www.usedtowers.com", "www.cellsiteleasing.com" and "www.bxtowers.com". | "Defendant objects to this request on the grounds that it is overly broad and seeks discovery of information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections, as to Landa & Associates and www.rohntowers.com: Michael Landa." [Defendant has refused to give any response as to any entity other than "www.Rohntowers.com".] | *Each* of the web sites found at addresses identified in the interrogatory (and used as company names by Defendant or someone apparently affiliated with Defendant) contains material that currently or has in the past infringed Radian's rights in the registered trademark ROHN. Plaintiff needs this information to identify witnesses and potential additional defendants. |
| 6. (a) List each and every domain name owned or registered by Defendant for himself or on behalf of any other entity; and<br><br>b) For each and every such domain name, produce all documents relating to registration and maintenance of registration of such domain name. | "Defendant objects to this request on the grounds that it is overly broad, seeks information and documents that are neither relevant nor likely to lead to the discovery of admissible evidence and is duplicative or [sic] prior requests. Without waiving the foregoing objections, see response to Request No. 5." [Defendant has refused to give any response as to any domain names other than www.Rohntowers.com.] | Information concerning Defendant's ownership of other domain names is expressly made relevant under 15 U.S.C. §1125(d)(1)(B)(i)(VII) and (VIII) (defendant's providing false or misleading domain name registration information, or registration of other domain names that are confusingly similar to others' trademarks, may indicate bad faith on part of defendant – relevant to Plaintiff's claim of cybersquatting, Count III). |
| 7. (a) Identify each and every person and entity who has provided Defendant services in any way relating to the design and programming of the web sites found, currently or at any time prior to the date of your answers hereto, at the Internet addresses www.rohntowers.com and www.bxtowers.com;<br><br>(b) For each person and entity identified in your response to part | "Defendant objects to this request on the grounds that it is overly broad and seeks information and documents that are neither relevant nor likely to lead to the discovery of admissible evidence. . . . Defendant will further produce any existing, not-privileged documents relating to the website www.rohntowers.com." [Although Defendant's response | Such documents are relevant to the identification of potential witnesses and an assessment of the communications between Defendant and such witnesses concerning Defendant's incorporation of infringing material into his web sites. |

# EXHIBIT D

| Plaintiff's Request | Defendant's Response | Relevance of Request |
|---|---|---|
| (a) above, describe the nature of the services provided by such person and entity; and<br><br>(c) Produce all documents relating to such services. | states that he will produce responsive documents concerning the web site at www.rohntowers.com, the documents defendant has produced include no documents in any way reflecting communications or agreements incidental to development of the web site, aside from the web page programming in and of itself.] | |
| 8. (a) Identify each and every person and entity who has hosted Defendant's web sites found currently, or at any time prior to the date of your answers hereto, at the Internet addresses www.rohntowers.com and www.bxtowers.com; and<br><br>(b) Produce all documents constituting or reflecting logs or records of visits or other activity by Internet users on Defendant's web sites currently found at the Internet addresses www.rohntowers.com and www.bxtowers.com. | "Defendant objects to this request on the grounds that it is overly broad and seeks information and documents that are neither relevant nor likely to lead to the discovery of admissible evidence...."<br><br>[Defendant refused to respond concerning the website found at www.bxtowers.com.<br><br>Further, although Defendant's response states that he will produce responsive documents, the documents defendant has produced include no such documents.] | *Each* of the web sites found at addresses identified in the interrogatory contains material that currently or has in the past made infringing use of Radian's trademark rights, including rights in the ROHN mark. Moreover, Radian has moved to amend its complaint to specifically allege that Defendant's use of the domain name "bxtowers.com" constitutes infringement of Plaintiff's rights in the trademark BX TOWERS.<br><br>Information concerning the records of Internet user visits to Defendant's web sites is relevant to an assessment of the volume of potential customer traffic Defendant is confusing or diverting, the nature of the visits and any Internet communications by such potential customers, and any potential confusion that may be evident in such communications. |
| 9. Referring to Paragraphs 27, 28 and 33 of Defendant's Answer to Amended Complaint, and in Paragraphs 8 and 9 of Defendant's Affirmative Defenses, in which Defendant alleges that he has received a | [Although Defendant's response this request stated that he would produce responsive documents, the documents defendant has produced include no such documents. For example, Defendant's response alleges that | Such documents are relevant to assessing the strength or weakness of Defendant's allegations that he had license or permission to engage in his infringing activities. |

## EXHIBIT D

| Plaintiff's Request | Defendant's Response | Relevance of Request |
|---|---|---|
| license, permission or consent to use ROHN promotional materials, and, to the extent Defendant is alleging he has a license or permission to use the ROHN mark and/or engage in the other acts complained of in Plaintiff's First Amended Complaint:<br><br>(a) State all facts upon which Defendant bases his allegation that Defendant has received such license, permission or consent (including in your statement the identities of all witnesses who allegedly granted such license, permission or consent, and other witnesses having personal knowledge of such facts); and<br><br>(b) Produce each and every document relating to such license, permission or consent. | Rohn Industries sent Defendant a disk containing a Rohn Industries catalog. Defendant has not produced a copy of any such disk. Additionally, defendant has produced no documents recording, reflecting or referring to the communications Defendant alleges.] | |
| 14. Referring to 15 U.S.C. § 1117(a) as to usage of the terms "sales", "cost", "deduction" and "profit", for all of the time during which Defendant has maintained a web site at the Internet address www.rohntowers.com:<br><br>(a) Set forth, by month and total dollar amount, all sales Defendant has made of communications towers, or accompanying equipment or parts thereof;<br><br>(b) Set forth, by month and total dollar amount, all elements of cost or deduction claimed by which Defendant would calculate profits on such sales under 15 U.S.C. § 1117(a); and<br><br>(c) Produce all documents and records recording, reflecting or | "Defendant objects to this request on the grounds that it is overly broad and unduly burdensome and seeks information and documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendant will produce information relating to the sales, cost and deductions relating to Rohn equipment upon entry of a protective order."<br><br>[Thus, to date, Defendant has neither provided any information nor produced any responsive documents.] | The Lanham Act at 15 U.S.C. § 1117(a) provides for plaintiff's recovery of a defendant's profits upon proof of trademark infringement or unfair competition under the Act. Additionally, "[i]n assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." Id. |

## EXHIBIT D

| Plaintiff's Request | Defendant's Response | Relevance of Request |
|---|---|---|
| evidencing such sales, costs or deductions. | | |
| 15. Referring to 15 U.S.C. § 1117(a) as to usage of the terms "sales", "cost", "deduction" and "profit", for all of the time during which Defendant has maintained a web site at the Internet address www.bxtowers.com:<br><br>(a) Set forth, by month and total dollar amount, all sales Defendant has made of communications towers, or accompanying equipment or parts thereof;<br><br>(b) Set forth, by month and total dollar amount, all elements of cost or deduction claimed by which Defendant would calculate profits on such sales; and<br><br>(c) Produce all documents and records recording, reflecting or evidencing such sales, costs or deductions. | "Defendant objects to this request on the grounds that it is overly broad and seeks information and documents that are neither relevant nor likely to lead to the discovery of admissible evidence."<br><br>[Thus, to date, Defendant has neither provided any information nor produced any responsive documents.] | The Lanham Act at 15 U.S.C. § 1117(a) provides for plaintiff's recovery of a defendant's profits upon proof of trademark infringement or unfair competition under the Act. Additionally, "[i]n assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." Id.<br><br>Defendant's web site at www.bxtowers.com currently, or has in the past, contained material that infringes Radian's trademark rights in the mark ROHN. Moreover, Radian has moved to amend its complaint to specifically allege that Defendant's use of the domain name "bxtowers.com" constitutes infringement of Plaintiff's rights in the trademark BX TOWERS. |
| 21. Produce each and every document relating to terms under which Defendant "acted as a distributor of Rohn Industries, Inc." as Defendant alleges in Paragraph 32 of his Answer to Amended Complaint. | "Defendant objects to this request on the grounds that it is vague and ambiguous. Without waiving the foregoing objection, Defendant will produce any existing, non-privileged documents. To the extent any of the requested documents contain confidential information, Defendant will produce any such non-privileged confidential documents upon entry of a protective order. . . ."<br><br>[Defendant has produced no responsive documents.] | The documents requested are relevant to an assessment of the nature of Defendant's allegations that he was a "distributor" for Old Rohn, and if so, the terms of any such relationship, including any permissions to use the ROHN trademark. |

## EXHIBIT D

| Plaintiff's Request | Defendant's Response | Relevance of Request |
|---|---|---|
| 23. Produce all documents and things bearing or containing programming code for any web sites Defendant has put up or maintained at any time at the Internet addresses www.rohntowers.com, www.bxtowers.com, and www.cellsiteleasing.com. | "Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendant will produce any existing, non-privileged documents relating to the website www.rohntowers.com."<br><br>[Thus, Defendant has refused to produce any documents as requested relating to the web sites at www.bxtowers.com and www.cellsiteleasing.com.] | Defendant's web sites at www.bxtowers.com and www.cellsiteleasing.com now or have in the past contained materials that infringe Radian's trademark rights in the mark ROHN. Moreover, Radian has moved to amend its complaint to specifically allege that Defendant's use of the domain name "bxtowers.com" constitutes infringement of Plaintiff's rights in the trademark BX TOWERS.<br><br>The requested documents are relevant to assessing the extent of Defendant's unauthorized incorporation of computer image files containing Old Rohn's and Radian's marketing materials into Defendant's web sites. |
| 24. Produce all documents created by Defendant or others relating to the design and programming of any web sites Defendant has put up or maintained at any time at the Internet addresses www.rohntowers.com, www.bxtowers.com, and www.cellsiteleasing.com. | "Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, see response to Request No. 23. Defendant will further produce any existing, non-privileged documents relating to the website www.rohntowers.com."<br><br>[Thus, Defendant has refused to produce any documents as requested relating to the web sites at www.bxtowers.com and www.cellsiteleasing.com.<br><br>Additionally, although Defendant has produced two CDs that appear to contain files relating to the web site at www.rohntowers.com, he has produced no documents | Defendant's web sites at www.bxtowers.com and www.cellsiteleasing.com now or in the past have constituted and contained materials that constitute infringements of Radian's trademark rights in the ROHN mark. Moreover, Radian has moved to amend its complaint to specifically allege that Defendant's use of the domain name "bxtowers.com" constitutes infringement of Plaintiff's rights in the trademark BX TOWERS.<br><br>The request is calculated to lead to discovery of communications between Defendant and his website programmers relating to Defendant's use of unauthorized and infringing materials in Defendant's web sites. |

### EXHIBIT D

| Plaintiff's Request | Defendant's Response | Relevance of Request |
|---|---|---|
| | reflecting communications or agreements incidental to development of the web site.] | |
| 27. Produce all documents and records recording, reflecting or evidencing Defendant's purchases of new ROHN brand products at any time. | "Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendant will produce any existing documents. To the extent any of the requested documents contain confidential information, Defendant will produce any such confidential documents upon entry of a protective order." [Defendant has produced no responsive documents.] | To the extent Defendant is claiming "fair use" (alleged in his Answer in this case) on the basis that Defendant is allegedly a seller of ROHN brand equipment, the requested documents are relevant to an assessment of the extent of Defendant's activities in that regard. Further, the requested documents are relevant to a determination of Defendant's profits and costs from his infringing activities under 15 U.S.C. § 1117(a). |
| 28. Produce all documents and records recording, reflecting or evidencing Defendant's purchases of new BX TOWERS brand products at any time. | "Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence." [Defendant has produced no responsive documents.] | BX TOWERS is a Radian trademark, which at all relevant times has been used by Rohn Industries and Radian in connection with the ROHN trademark. Moreover, Radian has moved to amend its complaint to specifically allege that Defendant's use of the domain name "bxtowers.com" constitutes infringement of Plaintiff's rights in the trademark BX TOWERS. To the extent Defendant is claiming "fair use" (alleged in his Answer in this case) on the basis that Defendant is allegedly a seller of ROHN and BX TOWERS brand equipment, the requested documents are relevant to an assessment of the extent of Defendant's activities in that regard. Further, the requested documents are relevant to a |

## EXHIBIT D

| Plaintiff's Request | Defendant's Response | Relevance of Request |
|---|---|---|
| | | determination of Defendant's profits and costs from his infringing activities under 15 U.S.C. § 1117(a). |
| 29 Produce all documents and records recording, reflecting or evidencing Defendant's purchases of used ROHN brand products at any time. | "Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendant will produce any existing documents. To the extent any of the requested documents contain confidential information, Defendant will produce any such confidential documents upon entry of a protective order." [Defendant has produced no responsive documents.] | To the extent Defendant is claiming "fair use" (alleged in his Answer in this case) on the basis that Defendant is allegedly a seller of ROHN brand equipment, the requested documents are relevant to an assessment of the extent of Defendant's activities in that regard. Further, such documents are relevant to a determination of Defendant's profits and costs from his infringing activities. |
| 30. Produce all documents and records recording, reflecting or evidencing Defendant's purchases of used BX TOWERS brand products at any time. | "Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence." [Defendant has produced no responsive documents.] | BX TOWERS is a Radian trademark, which at all relevant times has been used by Rohn Industries and Radian in connection with the ROHN trademark. Moreover, Radian has moved to amend its complaint to specifically allege that Defendant's use of the domain name "bxtowers.com" constitutes infringement of Plaintiff's rights in the trademark BX TOWERS. To the extent Defendant is claiming "fair use" (alleged in his Answer in this case) on the basis that Defendant is allegedly a seller of ROHN and BX TOWERS brand equipment, the requested documents are relevant to an assessment of the extent of Defendant's activities in that regard. Further, such documents |

## EXHIBIT D

| Plaintiff's Request | Defendant's Response | Relevance of Request |
|---|---|---|
| | | are relevant to a determination of Defendant's profits and costs from his infringing activities, under 15 U.S.C. § 1117(a). |
| 31. Produce all documents and records recording, reflecting or evidencing Defendant's sales of new ROHN brand products at any time. | "Defendant objects to this request on the grounds that it is overly broad and seeks discovery of documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendant will produce any existing documents. To the extent any of the requested documents contain confidential information, Defendant will produce any such confidential documents upon entry of a protective order."<br><br>[Defendant has produced no responsive documents.] | To the extent Defendant is claiming "fair use" (alleged in his Answer in this case) on the basis that Defendant is allegedly a seller of ROHN brand equipment, the requested documents are relevant to an assessment of the extent of Defendant's activities in that regard. Further, the requested documents are relevant to a determination of Defendant's profits and costs from his infringing activities under 15 U.S.C. § 1117(a). |
| 32. Produce all documents and records recording, reflecting or evidencing Defendant's sales of new BX TOWERS brand products at any time. | "Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence."<br><br>[Defendant has produced no responsive documents.] | BX TOWERS is a Radian trademark, which at all relevant times has been used by Rohn Industries and Radian in connection with the ROHN trademark. Moreover, Radian has moved to amend its complaint to specifically allege that Defendant's use of the domain name "bxtowers.com" constitutes infringement of Plaintiff's rights in the trademark BX TOWERS.<br><br>To the extent Defendant is claiming "fair use" (alleged in his Answer in this case) on the basis that Defendant is allegedly a seller of ROHN brand equipment, the requested documents are relevant to an assessment of the extent of Defendant's activities in that regard. Further, the requested |

## EXHIBIT D

| Plaintiff's Request | Defendant's Response | Relevance of Request |
|---|---|---|
| | | documents are relevant to a determination of Defendant's profits and costs from his infringing activities under 15 U.S.C. § 1117(a). |
| 33. Produce all documents and records recording, reflecting or evidencing Defendant's sales of used ROHN brand products at any time. | "Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendant will produce any existing documents. To the extent any of the requested documents contain confidential information, Defendant will produce any such confidential documents upon entry of a protective order." [Defendant has produced no responsive documents.] | To the extent Defendant is claiming "fair use" (alleged in his Answer in this case) on the basis that Defendant is allegedly a seller of ROHN brand equipment, the requested documents are relevant to an assessment of the extent of Defendant's activities in that regard. Further, the requested documents are relevant to a determination of Defendant's profits and costs from his infringing activities under 15 U.S.C. § 1117(a). |
| 34. Produce all documents and records recording, reflecting or evidencing Defendant's sales of used BX TOWERS brand products at any time. | "Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence." [Defendant has produced no responsive documents.] | BX TOWERS is a Radian trademark, which at all relevant times has been used by Rohn Industries and Radian in connection with the ROHN trademark. Moreover, Radian has moved to amend its complaint to specifically allege that Defendant's use of the domain name "bxtowers.com" constitutes infringement of Plaintiff's rights in the trademark BX TOWERS. To the extent Defendant is claiming "fair use" (alleged in his Answer in this case) on the basis that Defendant is allegedly a seller of ROHN and BX TOWERS brand equipment, the requested documents are relevant to an assessment of the extent of |

EXHIBIT D

| Plaintiff's Request | Defendant's Response | Relevance of Request |
|---|---|---|
| | | Defendant's activities in that regard. Further, the requested documents are relevant to a determination of Defendant's profits and costs from his infringing activities under 15 U.S.C. § 1117(a). |
| 35. Produce all documents and records recording, reflecting or evidencing revenues Defendant has received as a result of sales of ROHN brand products at any time, regardless of whether Defendant ever held title to such products. | "Defendant will produce any existing documents upon entry of a protective order." [Defendant has produced no responsive documents.] | To the extent Defendant is claiming "fair use" (alleged in his Answer in this case) on the basis that Defendant is allegedly a seller of ROHN brand equipment, the requested documents are relevant to an assessment of the extent of Defendant's activities in that regard. Further, the requested documents are relevant to a determination of Defendant's profits and costs from his infringing activities under 15 U.S.C. § 1117(a). |
| 36. Produce all documents and records recording, reflecting or evidencing revenues Defendant has received as a result of sales of BX TOWERS brand products at any time, regardless of whether Defendant ever held title to such products. | "Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence." [Defendant has produced no responsive documents.] | BX TOWERS is a Radian trademark, which at all relevant times has been used by Rohn Industries and Radian in connection with the ROHN trademark. Moreover, Radian has moved to amend its complaint to specifically allege that Defendant's use of the domain name "bxtowers.com" constitutes infringement of Plaintiff's rights in the trademark BX TOWERS. To the extent Defendant is claiming "fair use" (alleged in his Answer in this case) on the basis that Defendant is allegedly a seller of ROHN and BX TOWERS brand equipment, the requested documents are relevant to an assessment of the extent of Defendant's activities in that regard. Further, the requested |

EXHIBIT D

| Plaintiff's Request | Defendant's Response | Relevance of Request |
|---|---|---|
| | | documents are relevant to a determination of Defendant's profits and costs from his infringing activities under 15 U.S.C. § 1117(a). |
| 37. Produce all documents relating to Defendant's purchase of products from Old Rohn and Radian at any time. | "Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence and that are subject to attorney client privilege or work product. Without waiving the foregoing objections, see responses to Request Nos. 27-30." [Defendant has produced no responsive documents.] | To the extent Defendant is claiming "fair use" (alleged in his Answer in this case) on the basis that Defendant is allegedly a "distributor" for Old Rohn or Radian, the requested documents are relevant to an assessment of the extent of Defendant's activities in that regard. Further, the requested documents are relevant to a determination of Defendant's profits and costs from his infringing activities under 15 U.S.C. § 1117(a). |
| 39. Produce all documents relating to communications between Defendant and Brian Pemberton at any time. | "Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendant will produce any existing, non-privileged documents." [Defendant has produced no responsive documents.] | Defendant is alleging that he received a license to engage in the infringing activities Radian alleges in this case, given to him through or by Brian Pemberton (see Defendant's Answer).[2] Plaintiff is entitled to test this allegation by seeking documents reflecting communications he had with Mr. Pemberton. (There is no suggestion by Defendant that he and Mr. Pemberton had any communications not relating to Old Rohn's business, so the assertion of overbreadth is baseless.) |
| 40. Produce all documents relating to communications | "Defendant objects to this request on the grounds that it is | Defendant is claiming that he received a license to engage in |

---

[2]    Additionally, in his Initial Disclosures, Defendant identified Brian Pemberton as "former CEO of Rohn Industries, Inc.," and as a witness to a "license and/or approval of Defendant's use of Rohn Industries' related materials and the domain name rohntowers.com; and Defendant's business interactions and relationship with Rohn Industries, Inc."

-11-

**EXHIBIT D**

| Plaintiff's Request | Defendant's Response | Relevance of Request |
|---|---|---|
| between Defendant and Horace Ward at any time. | overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendant will produce any existing, non-privileged documents." [Defendant has produced no responsive documents.] | the infringing activities Radian alleges in this case, given or confirmed to him through or by Horace Ward (*see* Defendant's Answer).[3] Plaintiff is entitled to test this allegation by seeking documents reflecting communications he had with Mr. Ward. (There is no suggestion by Defendant that he and Mr. Ward had any communications not relating to Old Rohn's business, so the assertion of overbreadth is baseless.) |
| 42. <u>Produce</u> all documents relating to communications between Defendant and Craig Ahlstrom at any time. | "Defendant objects to this request on the grounds that it is overly broad and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence. Without waiving the foregoing objections, Defendant will produce any existing, non-privileged documents." [Defendant has produced no responsive documents.] | Defendant is claiming that he received a license to engage in the infringing activities Radian alleges in this case. Defendant is apparently claiming that he had a distributorship agreement with Old Rohn that permitted him to engage in the infringing activities Radian alleges in this case (*see* Defendant's Answer).[4] It is probable that Craig Ahlstrom (a former employee of Old Rohn and current employee of Radian) would have been party to communications incidental to any such arrangement. (There is no suggestion by Defendant that he and Mr. Ahlstrom had any communications not relating to Old Rohn's business, so the assertion of overbreadth is baseless.) |

---

[3]    Additionally, in his Initial Disclosures, Defendant identified Horace Ward "upon information and belief" as "bankruptcy administrative officer for Rohn Industries, Inc.," and as a witness to a "license and/or approval of Defendant's use of Rohn Industries' related materials and the domain name rohntowers.com; and Defendant's business interactions and relationship with Rohn Industries, Inc."

[4]    Additionally, as noted in Plaintiff's Initial Disclosures, Craig Ahlstrom is a Radian employee who has knowledge of Defendant's use of Plaintiff's trademarks.

## EXHIBIT D

| Plaintiff's Request | Defendant's Response | Relevance of Request |
|---|---|---|
| 45. Produce all documents relating to the acquisition by Defendant, for himself or on behalf of any other entity, of any domain name. | "Defendant objects to this request on the ground that it is overly broad and seek documents that are neither relevant nor likely to lead to the discovery of admissible evidence." [Defendant has produced no documents that appear to relate to his acquisition of the domain name www.rohntowers.com. Defendant has apparently refused to produce any documents relating to any domain names other than www.rohntowers.com.] | Information concerning Defendant's ownership of other domain names is expressly made relevant under 15 U.S.C. §1125(d)(1)(B)(i)(VII) and (VIII) (defendant's providing false or misleading domain name registration information, or registration of other domain names that are confusingly similar to others' trademarks, may indicate bad faith on part of defendant – relevant to Plaintiff's claim of cybersquatting, Count III). |
| 46. Produce all documents relating to the registration and maintenance of registration by Defendant, for himself or on behalf of any other entity, of any domain name. | "Defendant objects to this request on the ground that it is overly broad and seek documents that are neither relevant nor likely to lead to the discovery of admissible evidence. [Defendant has produced no documents that appear to relate to his maintenance of the domain name www.rohntowers.com. Defendant has apparently refused to produce any documents relating to any domain names other than www.rohntowers.com.] | Information concerning Defendant's ownership of other domain names is expressly made relevant under 15 U.S.C. §1125(d)(1)(B)(i)(VII) and (VIII) (defendant's providing of false or misleading domain name registration information, or registration of other domain names that are confusingly similar to others' trademarks, may indicate bad faith on part of defendant – relevant to Plaintiff's claim of cybersquatting, Count III). |
| 47. Produce all documents relating to the acquisition, by Defendant or any entity owned or controlled by Defendant, of any domain name. | "Defendant objects to this request on the ground that it is overly broad and seek documents that are neither relevant nor likely to lead to the discovery of admissible evidence. [Defendant has apparently refused to produce any documents relating to any domain names other than www.rohntowers.com.] | Information concerning Defendant's ownership of other domain names is expressly made relevant under 15 U.S.C. §1125(d)(1)(B)(i)(VII) and (VIII) (defendant's providing false or misleading domain name registration information, or registration of other domain names that are confusingly similar to others' trademarks, may indicate bad faith on part of defendant – relevant to Plaintiff's claim of cybersquatting, Count III). |