IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RADIAN COMMUNICATION SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 04-1197 |
| ) | |
| v. ) | |
| ) | Judge Mihm |
| MICHAEL LANDA, d/b/a LANDA AND ) | |
| ASSOCIATES, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
DISCOVERY RESPONSE FROM DEFENDANT
AND FOR RELIEF FROM DELAY CAUSED BY DEFENDANT**

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff, Radian Communications Services, Inc. ("Radian"), respectfully moves for an Order compelling Defendant to fully and completely respond to Plaintiff's discovery inquiries, to provide a date certain upon which he can be available for a deposition, and for extension in the period of time for fact discovery. The Certification of William E. Gallagher Pursuant to Fed. R. Civ. P. 37(a)(2)(A), required by that Rule, accompanies this Memorandum.

**BACKGROUND**

Radian is the successor to trademark rights previously owned by the company formerly known as Rohn Industries, Inc. ("Old Rohn") (now bankrupt, Case No. 03-17287-AJM-11 in the United States Bankruptcy Court for the Southern District of Indiana). The rights that Radian acquired from Old Rohn include all federal and common law rights in the trademarks, service marks and/or trade names ROHN, ROHN INDUSTRIES, INC., CTOWER, GT SERIES TOWERS, 20G, 25G, 45G, 55G, 65G, JTOWER and BX TOWER, used in connection with

communications towers. *See* Plaintiff's (first) Amended Complaint and Proposed Second Amended Complaint, each at ¶¶ 1-3, 17-23.

In this action, Radian alleges that Defendant has infringed Radian's federally registered trademarks in violation of the Lanham Act at 15 U.S.C. § 1114 (Count I); engaged in other types of unfair competition in violation of 15 U.S.C. § 1125(c) (Count II); engaged in unfair competition in the nature of "cybersquatting," in violation of 15 U.S.C. § 1125(c) (Count III); and violated the Illinois Business and Trade Practices Laws, 815 ILCS §§ 505/1 *et seq.* and 510/1 *et seq.* (Count IV). *Id.* These claims have arisen from, *inter alia*, Defendant's unauthorized, confusing and misleading ownership and use of the domain names www.rohntowers.com and www.bxtowers.com (note that these domain names contain Radian's trademarks), and Defendant's ownership and maintenance of Internet web sites at those addresses containing unauthorized, confusing and misleading material suggesting to Internet users that Defendant has a relationship with Old Rohn and/or Radian that he has never had. Defendant refused to cease his use of these domain names and web sites even after Radian requested, prior to commencing this litigation, that he do so.

On September 24, 2004, Radian served Defendant with Plaintiff's First Combined Set of Interrogatories and First Requests for Production of Documents ("Plaintiff's First Discovery"). On or about November 10, 2004, Defendant served Radian with purported responses ("Defendant's Response"). Copies of these papers accompany these motion papers Compel as Exhibits B and C, respectively.

Radian deems Defendant's responses to be incomplete, insufficient and unresponsive, and delay and obstruct Radian's discovery of highly relevant information that Radian needs to prepare and assess its case.

Additionally, pursuant to Local Rule 30.1, on two separate occasions, December 8, 2004 and January 7, 2005, Plaintiff's counsel wrote to Defendant's counsel and requested that Defendant provide dates upon which he could be available in the Seattle or Bothell, Washington, areas for a deposition (Defendant resides in nearby Arlington, Washington). To date, Defendant has not responded.

As set forth in the accompanying Certification of William E. Gallagher, Lead Counsel on behalf of Radian has expended considerable effort in attempting to resolve this discovery matter without seeking Court intervention. However, as is apparent from the Motion To Withdraw recently filed by Steven Buck (and as Radian has only recently learned), Defendant's attorneys have not responded to Radian's efforts as a result of Defendant's failure or refusal to pay their fees and failure or refusal to return their telephone calls. To date according to the Court's electronic records, no attorney has entered or substituted his or her appearance on behalf of Defendant, to replace Mr. Buck. Defendant has effectively made himself unavailable to discuss or respond to the issues he has created and delay in discovery he has caused. Thus, Plaintiff's discovery is being delayed and obstructed by Defendant's failure or refusal to accept responsibility in this case for claims arising from his business conduct.

There is a pre-trial order in this case setting the close of fact discovery for March 31, 2005. Thus, with Defendant's obstruction and delay and the passage of time, Plaintiff's ability to take discovery, and prepare and assess its case, is being prejudiced.

A.  **INSUFFICIENCIES OF DEFENDANT'S WRITTEN DISCOVERY RESPONSE**

The accompanying Exhibit D sets forth, in a table, the written discovery requests in Plaintiff's First Combined Set of Interrogatories and Requests for Production of Documents, with Defendant's corresponding responses, that are the subject of the instant Motion. Exhibit D

also sets forth the reasons the requests are relevant. The following will address the three categories of objections Defendant has put forth as a purported basis for a refusal to respond, or to respond completely.

> 1. *"Overly broad . . . neither relevant nor likely to lead to discovery of admissible evidence"*

Plaintiff is entitled to take discovery, by interrogatories or requests for production, of

> any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any . . . documents . . . and the identity and location of persons having knowledge of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

With respect to nearly every request quoted in Exhibit D, Defendant's repeated, stock objection was "Defendant objects to this request on the grounds that it is overly broad and seeks information and documents that are neither relevant nor likely to lead to the discovery of admissible evidence." However, Defendant has not accompanied *any* of such objections with any explanation, nor, in many instances, has Defendant even made a good-faith attempt at partial compliance. This is improper. Moreover, as noted, Defendant's refusal or failure to address his responsibilities in this case has made it impossible for Plaintiff's counsel to confer to attempt to identify and resolve any real issues that may exist.

> 2. *"Upon entry of a protective order"; allegations of confidentiality*

In several instances, Defendant has refused to produce any documents, stating that he would only do so "upon entry of a protective order." In those responses in which Defendant has asserted no basis for withholding information or documents, Defendant has asserted no objection, and therefore, has waived any.

In those responses in which Defendant summarily asserts confidentiality as a basis for withholding information or documents, Defendant has provided no factual support for such assertion. As noted, Defendant has been unresponsive to Plaintiff's efforts to resolve any bona-fide issue that may exist.

Moreover, while Defendant's attorneys were still representing Defendant, Plaintiff proposed a bi-lateral protective order to Defendant that would protect Defendant's confidential information *to the extent he may desire*, which Defendant's attorneys refused to accept.[1] *Thus, Defendant Landa has neither provided any factual basis for claims of confidentiality, nor manifested any bona-fide objection to Radian receiving disclosure of any business information he would claim to be confidential, and has now made himself unavailable to defend or answer for the issues he has created.*

3.  *Attorney-client privilege; attorney work product immunity*

Finally, in several instances Defendant has asserted attorney-client privilege and/or work product immunity as a basis to without information and/or documents. However, he has failed or refused entirely to comply with the requirements of Fed. R. Civ. P. 26(b)(5), which requires that a party claiming such privilege or immunity to "describe the nature of the documents,

---

[1]   Defendant's attorneys refused to accept any proposed protective order unless it permits both parties to receive direct disclosure and access to their opponents' confidential business information, regardless of its nature. However, Radian is unwilling to give Mr. Landa, a competitor and accused infringer, direct and unrestricted access to its own sensitive and confidential competitive business information. Thus, Mr. Landa is using *Radian's* attempt to protect the confidentiality of its own sensitive information produced in discovery, as a pretext to obstruct discovery of highly relevant information in his possession.

This is improper. The parties' legal positions in this case are not mirror images of each other. Thus, there is no reason why Radian should be required to reveal its sensitive business information (which is largely irrelevant) to Defendant as a condition for receiving discovery of, *e.g.*, Defendant's sales, cost and other data relating to his infringing activities (which is directly relevant).

communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Again, Defendant has made himself unavailable to discuss or resolve any bona-fide issues.

  4. *Failure to identify documents responsive to requests*

Each of Defendant's responses fails to identify which documents he has produced responsive to the corresponding request. Fed. R. Civ. P. 34(b) provides that "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or *shall organize and label them to correspond with the categories in the request.*" Defendant has done neither. Thus, Plaintiff is left to guess whether Defendant has produced *any* responsive documents with respect to those responses to which Defendant has asserted objections or otherwise refused to produce documents.

**B.** **DEPOSITION OF DEFENDANT**

Local Rule 30.1 provides:

> In scheduling any deposition, counsel must make a good faith effort to coordinate with all opposing counsel in the scheduling of a time that is mutually convenient to all opposing counsel and parties. The signing and serving of a Notice of Deposition shall constitute a certification by the attorney signing and serving the Notice of Deposition that the attorney has complied with this rule.

Local Rule 30.1.

As set forth in the Certification of William E. Gallagher Pursuant to Fed. R. Civ. P. 37(a)(2)(A) (Exhibit A), on two occasions counsel for Plaintiff wrote to Defendant attorneys and requested that Defendant provide dates upon which he could be available for a deposition. Defendant has not responded. Under this circumstance, Plaintiff's service of a formal Notice of Deposition would be a futile act. If Plaintiff's counsel were to serve a formal Notice of

Deposition and then incur the expense to travel to Washington to take the deposition, he would do so having no assurance that Defendant would appear.

**C.   EXTENSION IN DISCOVERY SCHEDULE**

Under the current pretrial schedule in effect, fact discovery in this case is to close March 31, 2005. The period for fact discovery was agreed to by counsel for both parties in a Rule 26(f) conference, and by Plaintiff's counsel, and subsequently ordered by Magistrate Judge Gorman (minute entry of 10/26/04), on the implied premise that Defendant by his counsel would accept and observe Defendant's discovery obligations in this case.

Defendant's failure to accept and observe Defendant's discovery obligations in this case has delayed and wasted valuable and limited time in the period Plaintiff has for discovery.

Motions for summary judgment are not due until June 30, 2005, and trial is set for November 28, 2005. Thus, the requested extension will not necessitate a delay in the trial date or other significant pre-trial deadlines in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff Radian Communications Service, Inc. respectfully requests that the Court enter an Order compelling Defendant to forthwith supplement his discovery response as set forth in Exhibit E, a proposed Order respectfully submitted for the Court's consideration. Plaintiff's ability to take discovery and prepare and assess its case has been obstructed, delayed and prejudiced by Defendant's refusal to properly respond to Plaintiff's First Discovery. Further, Plaintiff requires the requested discovery in order to prepare for efficient deposition discovery.

With respect to the time within which Defendant should be ordered to supplement his response, Defendant has been on notice of this discovery issue since November 23, 2004, the

date on which Plaintiff's counsel first wrote to Defendant's counsel concerning this matter (Exhibit 1 to Certification of William E. Gallagher, Exhibit A); and under the Court's current pretrial schedule, fact discovery is scheduled to end March 31, 2004. Therefore, Plaintiff requests that Defendant be compelled to respond within a relatively short period of time.

Plaintiff also requests that Defendant be required to provide a date reasonably convenient to Plaintiff's counsel upon which he can be available for a deposition in the Bothell, Washington area, within 30 days after the date he is required to supplement his discovery responses.

Finally, Plaintiff respectfully requests that the period for fact discovery in this case be extended by one month, to end April 30, 2005.

Respectfully submitted,

RADIAN COMMUNICATION SERVICES, INC.

BY: _____s/William E. Gallagher_____
William E. Gallagher, Lead Counsel
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 651-6800 telephone
(513) 651-6981 facsimile
wgallagher@fbtlaw.com

Timothy L. Bertschy
Heyl Royster Voelker & Allen
Bank One Building
Suite 600
124 S.W. Adams Street
Peoria, IL 60602
(309) 676-0400 telephone
(309) 676-3374 facsimile
tbertschy@hrva.com