E-FILED
Thursday, 27 January, 2005  10:56:25 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RADIAN COMMUNICATION SERVICES, INC., | ) |
| Plaintiff, | ) Case No. 04-1197 |
| v. | ) Judge Mihm |
| MICHAEL LANDA, d/b/a LANDA AND ASSOCIATES, | ) EQUITABLE RELIEF SOUGHT |
| Defendant. | ) |

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Radian Communication Services, Inc. (hereinafter, "Plaintiff" or "Radian/Rohn"), by its attorneys, Timothy L. Bertschy and Gregory J. Rastatter of Heyl, Royster, Voelker & Allen and William E. Gallagher of Frost Brown Todd LLC, and for its Second Amended Complaint, STATES AS FOLLOWS:

**Parties**

1. Plaintiff is a corporation organized and existing under the laws of Delaware, with a place of business at 6718 West Plank Road, Peoria, Illinois.

2. Plaintiff has acquired certain assets, including all rights in federally registered trademarks and associated goodwill, of the corporation formerly known as Rohn Industries, Inc. ("Old Rohn"), which is or was engaged in bankruptcy proceedings in Case No. 03-17287-AJM-11, in the United States Bankruptcy Court for the Southern District of Indiana. Among the assets Plaintiff has acquired are trademark rights, associated goodwill and ownership in federal registrations for the trademark ROHN. Plaintiff's Peoria facility is located at the address from which Old Rohn operated for many years and with which the

Old Rohn business is associated. Hence, Plaintiff will hereinafter be referred to as "Radian/Rohn".

3. Old Rohn was engaged in the business of, *inter alia*, engineering, designing, manufacturing, distributing, selling and installing communications towers and related equipment in commerce, using trademarks and trade names including ROHN, ROHN INDUSTRIES, INC. and ROHN (& design). Under the trademarks it has acquired from Old Rohn, Radian/Rohn is engaging in the same or a substantially similar business, having hired a number of Old Rohn's former sales, engineering and other personnel in Peoria.

4. Defendant, Michael Landa (hereinafter, "Landa"), doing business as Landa and Associates, is an individual residing in Arlington, Washington.

5. As of July 12, 2004, Landa brokered used and new communications equipment and towers, had 63 warehouses of inventory around the country, specialized in cellular and wireless communications throughout the United States, and conducted business in the U.S. nationwide.

6. As of July 12, 2004, Landa conducted business on a nationwide basis via the Internet. As of July 12, 2004, Landa maintained a web site at www.rohntowers.com. That web site at times included a link to the well-known auction services site www.ebay.com operated by eBay, Inc., on which Landa established his own "Store". Landa's eBay "Store" offers for auction sale numerous (as of July 12, 2004, approximately 100) items, many of which are listed for sale for tens of thousands of dollars, including communications towers and related equipment, and including a number of communications towers which are claimed to be ROHN brand towers.

7. As of July 12, 2004, Landa's web site at www.rohntowers.com could be accessed by anyone in the United States who has Internet access, including residents of Illinois.

8. As of July 12, 2004, Landa's web site at www.rohntowers.com was interactive and invited users, including users in Illinois, to submit "request forms", electronically via the web site, requesting quotations for sales of equipment.

9. The items offered by Landa on his eBay "Store" were offered for sale to bidders with Internet access anywhere in the United States, including bidders in Illinois.

10. Landa set up his eBay "Store" for business purposes, including, inter alia, selling communications towers and related equipment in commerce.

11. The auction services provided by eBay, Inc. through its web site at www.ebay.com, and utilized by Landa in his business, are such that a contract between a seller and a bidder for the purchase and sale of a listed item is formed when there is an open bid for the item, meeting the seller's specifications, at the time the auction of the item closes.

## Jurisdiction and Venue

12. This is an action for trademark infringement, unfair competition and cybersquatting, pursuant to provisions of the Lanham Act, 15 U.S.C. §§ 1114 et seq.

13. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 in that this action arises under the laws of the United States.

14. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121(a) in that this is an action arising under the Lanham Act.

15. This Court has supplemental jurisdiction over the Illinois state law claims in this action under 28 U.S.C. § 1367(a) in that those claims are so related to the claims under federal law in this action that they form part of the same case or controversy.

16. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) in that Radian/Rohn uses and exercises ownership of the ROHN marks at its Peoria business location, and the injury to Radian/Rohn's goodwill and value of its ROHN marks has damaged and will continue, unless enjoined, to damage Radian/Rohn's Peoria business operation.

## Facts Underlying Claims for Relief

17. Prior to December 19, 2003, Old Rohn was engaged for approximately 50 years in the business of, inter alia, engineering, designing, manufacturing, distributing, selling and installing communications towers and related equipment in commerce, using trademarks, service marks and trade names including ROHN, ROHN INDUSTRIES, INC. and ROHN (& design), from facilities in Peoria, located at Radian/Rohn's current Peoria address.

18. Prior to December 19, 2003, Old Rohn owned United States Trademark Registration Nos. 2,419,626 (for the work mark ROHN for use in connection with communications towers and warning lights for communications towers); 1,804,493 (for the word mark ROHN for use in connection with non-metal prefabricated or modular equipment shelters) and 2,447,915 (for a logo design including the word ROHN for use in connection with non-metal, prefabricated, communications equipment shelters – the "ROHN logo") (collectively, the "ROHN® Marks") among other registrations. Old Rohn also had established, through use in commerce, common law trademark rights in the marks BX TOWER, CTOWER, GT SERIES TOWERS, 20G, 25G, 45G, 45G, 55G and 65G, and JTOWER, for use in connection with communications towers (collectively, the "Common Law Marks"). Additionally, Old Rohn had established, through use in

commerce, common law service mark and/or trade name rights in the names ROHN INDUSTRIES, INC. and ROHN (collectively, the "Trade Names").

19. Prior to December 19, 2003, Old Rohn owned the domain names www.rohnnet.com, www.rohn.net, www.rohnindustries.com, and www.rohnindustriesinc.com (collectively, the "Domain Names").

20. On or about December 19, 2003, Old Rohn and Radian/Rohn executed a written Assignment of Registered Marks ("Assignment"), under which Old Rohn assigned to Radian/Rohn all rights in the ROHN® Marks, including associated goodwill. In addition, through other assignments, Radian/Rohn enjoys and exercises exclusive rights to use the Common Law Marks, the Trade Names and the Domain Names, in addition to other tangible and intangible assets formerly owned by Old Rohn.

21. Using the assets, including ROHN® marks, the Common Law Marks, the Trade Names, the Domain Names and the other assets of which it has acquired exclusive rights of use, Radian/Rohn is currently engaging in, and intends to continue engaging in, the business of engineering, designing, manufacturing, distributing, selling and installing communications towers and related equipment in commerce.

22. Radian/Rohn is operating that business from, and intends to continue operating that business from, the same Peoria location from which Old Rohn operated for many years, having hired a number of Old Rohn's former sales, engineering and other personnel in Peoria.

23. The trademarks, trade names, domain names, and associated goodwill in which Radian/Rohn has acquired exclusive rights are substantial and valuable business assets, the value of which is threatened by the actions of Landa complained of herein.

24. On information and belief, Landa registered and owns the domain names www.rohntowers.com and www.bxtowers.com.

25. As of July 12, 2004, Landa operated a web site at www.rohntowers.com, which Landa used to market products in commerce including communications towers and related equipment represented to be "ROHN" brand communications towers and/or "Rohn Designed" communications towers. As of this date, Landa has changed that web site to make it only partially functional, but it still exists and is accessible to Internet users. Additionally, Landa currently operates a web site at www.bxtowers.com, which Landa uses to market products in commerce including communications towers and related equipment that Landa has represented to be "BX TOWER" brand communications towers and/or "Rohn Designed" communications towers. (The web sites found at www.rohntowers.com and www.bxtowers.com will be hereinafter referred to as the "Landa Web Sites".)

26. As of July 12, 2004, on his eBay "Store", Landa held "Landa and Associates" out as the "parent company of www.Rohntowers.com".

27. As of July 12, 2004, the Landa Web Sites presented counterfeits of the registered ROHN® marks, and certain graphic materials, features and functions, text, and promotional materials, that were directly copied without Old Rohn's or Radian/Rohn's permission, from Old Rohn's web site and promotional materials. A true and correct copy of a paper printout of the page that appeared, as of the date of commencement of this action, at the address www.rohntowers.com, was attached as Exhibit A to Plaintiff's (First) Amended Complaint and Demand for Jury Trial. Currently, Landa's partially functional web site at www.rohntowers.com continues to present certain graphic

materials that were directly copied without Old Rohn's or Radian/Rohn's permission, from Old Rohn's web site and promotional materials.

28. The domain names www.rohntowers.com and www.bxtowers.com, and the Landa Web Sites, have used and/or use Radian/Rohn's registered ROHN® marks and/or the Common Law Marks and Trade Names, and/or promotional materials, information, graphic materials and web site features and functions, and Landa has engaged in other activities, in ways which, individually and in combination, are likely to deceive, or cause confusion or mistake, as to a perceived affiliation, connection, or association of Landa with Old Rohn and/or Radian/Rohn, or as to a perception of a connection with Old Rohn and/or Radian/Rohn with respect to origin, sponsorship or approval of Landa's goods, services or commercial activities.

29. Landa's activities have caused actual confusion in the marketplace as to an erroneously perceived affiliation, connection, or association of Landa with Old Rohn and/or Radian/Rohn.

30. Landa's activities and business practices have generated complaints from participants in the marketplace.

31. Landa did not have the approval or permission of Old Rohn, and does not have the approval or permission of Radian/Rohn, to use the domain names www.rohntowers.com and www.bxtowers.com, operate the Landa Web Sites, or engage in the other activities alleged herein.

32. Landa has no connection with Old Rohn or Radian/Rohn other than as a prior occasional purchaser of products from Old Rohn.

33. Prior to the time Radian retained counsel to investigate this matter, a representative of Old Rohn contacted Landa and notified him that his use of the domain name www.rohntowers.com and the content of the web site located at that address were causing confusion in the marketplace. Landa, nevertheless, did not cease the confusing activities. His only suggestion to resolve the dispute was that Old Rohn purchase the domain name from him.

34. On April 2, 2004, William E. Gallagher, counsel for Radian/Rohn, wrote a letter to Landa that notified him of his violations of law in his use of the web site at www.rohntowers.com, and proposed to settle the matter without litigation on terms that included his ceasing use of that web site.

35. On April 6, 2004, in response the above-referenced letter, Landa telephoned Mr. Gallagher. In the ensuing telephone conversation, Landa offered to sell the domain name www.rohntowers.com to Radian/Rohn for $150,000. In that conversation, Landa also advised that he did "a lot of business on that site . . . half a million to a million at least."

36. That above-referenced offer was not acceptable to Radian/Rohn. On April 12, 2004, Mr. Gallagher wrote a second letter to Landa, which again proposed to settle the matter without litigation on terms that included his ceasing use of the web site at www.rohntowers.com.

37. To date, Landa has neither responded to the above-referenced second letter nor otherwise altered his conduct in any way to cease the deceptive and confusing use or content of the Landa Web Sites.

38. Landa has direct and actual knowledge of his wrongfully confusing and infringing activities, and instead of attempting to correct them, has sought to wrongfully profit from

them by intentionally continuing them and/or refusing to agree to cease them unless he is paid to do so.

39. By creating a likelihood of deceit, confusion and/or mistake as described above, Landa's activities, including the Landa Web Sites, have caused, and will continue to cause unless enjoined, damage to Radian/Rohn in the form of diverted sales opportunities and lost sales, and irreparable damage to Radian/Rohn's goodwill and the value of its trademarks, trade names and/or service marks.

40. By creating a likelihood of deceit, confusion and/or mistake as described above, Landa's activities, including the Landa Web Sites, have enabled, and will continue to enable unless enjoined, Landa to be unjustly enriched by profits from sales realized through his unfair and unlawful conduct.

## Count I – Federal Trademark Infringement and Counterfeiting

41. The allegations in Paragraphs 1 through 40 are incorporated herein by reference.

42. Landa's use of the domain name at www.rohntowers.com and operation of the web site at www.rohntowers.com constitutes infringement and counterfeiting of federally registered marks under 15 U.S.C. § 1114.

43. Landa's infringement and counterfeiting of Radian/Rohn's ROHN® Marks constitutes intentional use of a registered mark which Landa knows to be counterfeit, and willfully deceptive and confusing conduct motivated by a bad-faith intent to misappropriate and benefit from the goodwill associated with the ROHN® Marks by, inter alia, misleading and misdirecting Internet users to the Landa Web Sites, and deceiving and confusing them as to a supposed connection between Landa and the source of ROHN® brand products and services.

### Count II – Federal Unfair Competition

44. The allegations in Paragraphs 1 through 43 are incorporated herein by reference.

45. Landa's activities alleged herein, including but not limited to his use of the domain names www.rohntowers.com and www.bxtowers.com, and operation and use of the Landa Web Sites, constitute unfair competition under 15 U.S.C. § 1125(a).

46. Landa's unfair competition constitutes willfully deceptive and confusing conduct motivated by a bad-faith intent to misappropriate and benefit from the goodwill associated with Radian/Rohn's marks, by, inter alia, misleading and misdirecting Internet users to the Landa Web Sites, and deceiving and confusing them as to a supposed connection between Landa and Old Rohn or Radian/Rohn.

### Count III – Federal Cybersquatting

47. The allegations in Paragraphs 1 through 46 are incorporated herein by reference.

48. Landa's ownership and use of the domain names www.rohntowers.com and www.bxtowers.com constitutes unfair competition and unlawful cybersquatting under 15 U.S.C. § 1125(d)(1)(A)(ii).

49. Landa's unfair competition and unlawful cybersquatting constitute willfully deceptive and confusing conduct motivated by a bad-faith intent to misappropriate and benefit from the goodwill associated with Radian/Rohn's marks by, inter alia, misleading and misdirecting Internet users to the Landa Web Sites, deceiving and confusing consumers as to a supposed connection between Landa and Old Rohn or Radian/Rohn, and attempting to extort money from Radian/Rohn by continuing such wrongful conduct unless he is paid to stop.

### Count IV – Violation of Illinois Business and Trade Practices Laws

50. The allegations in Paragraphs 1 through 49 are incorporated herein by reference.

51. Landa's activities alleged herein, including but not limited to his use of the domain names www.rohntowers.com and www.bxtowers.com, and his operation and use of the Landa Web Sites, constitute violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §§ 505/1, et seq., and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1, et seq.

52. Landa's violations of the above-referenced Illinois laws constitute willfully deceptive and confusing conduct motivated by a bad-faith intent to misappropriate and benefit from the goodwill associated with Radian/Rohn's marks by, inter alia, misleading and misdirecting Internet users to the Landa Web Sites, and deceiving and confusing them as to a supposed connection between Landa and Old Rohn or Radian/Rohn.

WHEREFORE, pursuant to 15 U.S.C. §§ 1114, 1115, 1116, 1117 and 1125, and 815 ILCS §§ 505/10a and 510/3, Plaintiff respectfully requests that the Court enter judgment against Defendant on the claims alleged herein, and grant the following relief:

A. A preliminary and/or permanent injunction (1) compelling Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with them, to take down the Landa Web Sites and to transfer ownership of the domain names www.rohntowers.com and www.bxtowers.com to Plaintiff, and (2) prohibiting Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with them, from any future ownership, control or use of any domain name containing the names or marks ROHN and BX TOWER in any form;

B.  A preliminary and/or permanent injunction prohibiting Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with them, from any further counterfeiting or use of copies of Plaintiff's promotional materials, or of Plaintiff's trademarks, trade names and service marks in any manner that suggests that Landa has any connection or association with Old Rohn or Plaintiff;

C.  A monetary award to Plaintiff for all quantifiable damages it has suffered from lost sales and damage to its reputation, goodwill and the value of its trademarks, as a result of Defendant's unlawful conduct;

D.  A monetary award to Plaintiff for all profits Defendant has unjustly received as a result of Defendant's unlawful conduct;

E.  Multiplication of the monetary award to Plaintiff by three times, based upon Defendant's intentional use of a registered mark Defendant knows to be counterfeit, and willfully deceptive and confusing practices and bad-faith conduct;

F.  As an alternative to damages or profits as a remedy for Defendant's willful counterfeiting, at the election of Plaintiff to be made prior to final judgment, all statutory damages to which the Court finds Plaintiff is entitled, up to $1,000,000 per type of goods and/or services sold by Defendant using counterfeit ROHN marks;

G.  As an alternative to damages or profits as a remedy for Defendant's cybersquatting, at the election of Plaintiff to be made prior to final judgment, all statutory damages to which the Court finds Plaintiff is entitled, up to $100,000 per domain name wrongfully used;

H.  An award to Plaintiff for all attorneys' fees and costs reasonably incurred to prosecute this action and enforce its rights; and

I.  Such other and further relief to which Plaintiff is entitled at law or in equity.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS TRIABLE BY A JURY.

                RADIAN COMMUNICATION SERVICES, INC.


                BY: /s/ William E. Gallagher
                    William E. Gallagher, Lead Counsel
                    Frost Brown Todd LLC
                    2200 PNC Center
                    201 East Fifth Street
                    Cincinnati, OH  45202
                    (513) 651-6800 telephone
                    (513) 651-6981 facsimile
                    wgallagher@fbtlaw.com

                    Timothy L. Bertschy
                    Heyl Royster Voelker & Allen
                    Bank One Building
                    Suite 600
                    124 S.W. Adams Street
                    Peoria, IL  60602
                    (309) 676-0400 telephone
                    (309) 676-3374 facsimile
                    tbertschy@hrva.com

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL was served upon Mr. Michael Landa, 24728 47th Avenue, N.E. Arlington, Washington, 98223, via U.S. Mail this __27th__ day of __January__, 2005.

_s/Timothy L. Bertschy_



