Message
1:04-cv-01197-MMM-JAG    # 19-3    Page 1 of 10  Exhibit 2

Page 1 of 1

E-FILED
Thursday, 03 March, 2005 01:47:16 PM
Clerk, U.S. District Court, ILCD

## Toepfer, Tammi

**From:** Gallagher, William E.
**Sent:** Friday, October 29, 2004 4:19 PM
**To:** 'Stacia Lay'; 'O. Yale Lewis'
**Cc:** Toepfer, Tammi; Whitlow, Janice Baker
**Subject:** Radian Communications v. Landa, Protective Order

Dear Stacia:

I've reviewed your proposed revisions to the draft stipulated protective order I sent to you on October 4.

I've found sensible and accepted many of your proposed changes. However, I have made some additional changes, including adding back some provisions you removed, mostly addressing a fundamental issue on which we appear to disagree.

Although in our Rule 26(f) conference Yale Lewis and I briefly discussed the form that the protective order might take, I did not agree that there would be no provisions for filing confidential material under seal, nor did I agree that the order would give our clients access to each other's confidential information.

This issue is fundamental for Radian. Radian views Mr. Landa to be a competitor, and it will not agree to an order that would give Mr. Landa access to (and potentially make public record) certain types of sensitive and confidential business information that appear to be potentially responsive to some of Defendant's discovery requests.

At present, we can only speculate about what confidential information either party might produce that the other party's attorney may deem important to give his/her client access to, or may want to present to the court in an unrestricted way.

Therefore, we respectfully request that you consider, rather than the option of bringing a dispute before the court now, agreeing to an order substantially in the attached form. As the draft provides, either party may seek relief from a provision or seek to have the court remove a confidentiality designation later. Additionally, we would be better situated to attempt to resolve a dispute over specific information that we can weigh the importance of when we have it, rather than try to do so now in the abstract.

I look forward to hearing from you.

Regards,
*William E. Gallagher*
Frost Brown Todd LLC
Intellectual Property Department
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
513.651.6106 (Direct)
513.651.6800 (Main)
513.651.6981 (Fax)
wgallagher@fbtlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RADIAN COMMUNICATION SERVICES, INC., ) ) ) | |
| ) Civil Action No. 04-1197 | |
| Plaintiff, ) ) | |
| v. ) Judge Mihm ) | |
| MICHAEL LANDA, d/b/a LANDA AND ASSOCIATES, ) ) ) | |
| Defendant. ) ) | |

**PROPOSED STIPULATED PROTECTIVE ORDER**

> Deleted: above

WHEREAS the parties in the above-entitled action ("the Parties" or, singularly, a "Party"), by and through their respective counsel of record, have agreed that confidential business or proprietary information and trade secrets requested and produced in discovery may be designated for protection and will be treated in accordance with the terms of this Protective Order.

Therefore, IT IS HEREBY ORDERED that:

1.  A Party may designate information contained in documents, things, testimony and statements produced or provided in this action as Confidential Information, and use, disclosure, handling and disposition of information so designated will be restricted and governed by the terms of this Protective Order.

2.  Confidential Information as used herein means information of any type, kind or character, which (a) has not heretofore been disclosed by the Party seeking protection to persons

{57599.DOC}

who are outsiders to such Party, except on a limited and confidential basis, if at all; and (b) contains commercially or personally sensitive, trade secret or other proprietary information, or is the property of another who provided the same to the Party with the understanding that it would remain confidential. Confidential Information also includes, but is not limited to, trade secrets as defined in the Uniform Trade Secrets Act as enacted and interpreted by the courts of Illinois.

**Deleted:** generally treated as confidential by the courts

3.  A Party may properly designate information as Confidential Information only when the information satisfies the criteria set forth in the preceding paragraph. In designating information as Confidential Information, a Party may properly make such designation only as to that portion which contains the information that qualifies as such.

**Deleted:** Mass, indiscriminate or routine designations are prohibited.

4.  Documents and things produced in this action, or portions thereof, may be designated as Confidential Information by clearly marking them with the notice "CONFIDENTIAL." In lieu of marking the original of a document, a Party may so mark the copies that are produced or exchanged.

5.  Confidential Information disclosed in testimony during a deposition, hearing or other proceeding may be so designated by indicating on the record that the testimony is to be marked CONFIDENTIAL and subject to the provisions of this Protective Order. To the extent practical, the court reporter will segregate into a separate transcript information designated as CONFIDENTIAL with blank consecutively numbered pages being provided in the non-designated transcript. The separate transcript containing Confidential Information will have page numbers which correspond to the blank pages in the main transcript and will bear the CONFIDENTIAL designation. The Party who designates Confidential Information as such during the course of any deposition, hearing or other proceeding will bear the additional cost, if any, charged by the court reporter for segregating the Confidential Information.

**Deleted:** {57599.DOC}

All deposition transcripts and the exhibits thereto shall be treated as CONFIDENTIAL in their entirety until thirty (30) days after receipt of the transcript by the Parties unless the parties expressly agree otherwise, subject to the right of the deponent to review, correct and sign the deposition transcript. Within thirty (30) days after receipt of the transcript, any Party may designate portions of a deposition transcript as CONFIDENTIAL by serving a letter to all other Parties and the court reporter listing the pages, lines, and exhibits constituting Confidential Information. If portions of the testimony had previously been designated as Confidential Information during the deposition, the Party is not required to redesignate those portions of the transcript during this thirty (30) day period unless the Party wishes to change the designation.

> Deleted: timely

6.  If corrected within 30 days of disclosure, inadvertent or unintentional failure to designate information as CONFIDENTIAL at the time of production or other disclosure standing alone will not be deemed a waiver of a Party's claim of confidentiality as to the information disclosed.

7.  Except as otherwise provided in this Protective Order, by written agreement of the Parties hereto, or by order of the Court, a Party disclosing Confidential Information for the purposes of this action will do so only to a Qualified Person as defined below, and each Qualified Person receiving Confidential Information will not disclose it to anyone other than another Qualified Person.

8.  "Qualified Person" as used herein means:

    (a)  The Court and court personnel, including any appellate court to which an appeal may be taken or in which review is sought;

> Deleted: {57599.DOC}

(b) Counsel of record for any Party in this action, including the employees, partners and associates of the Party's counsel or record as necessary to assist counsel in the prosecution, defense or settlement of this action;

(c) The Party or any current employee of the Party that produced or provided the Confidential Information in this litigation;

(d) Consultants and experts (and their employees and support staff) and other such persons used or retained for the purposes of assisting in the prosecution or defense of this action (provided however, that this part 7(d) does not include a Party or any current or former employee of a Party, regardless of whether the Party or its/his counsel of record may wish to have such person serve as an expert or consultant in this case);

(e) Authors, addressees or other persons who are indicated on designated information as having previously received access to the information before the start of this action during the ordinary course of business;

(f) Any other person who is shown to the Court to have received the Confidential Information prior to commencement of this litigation;

(g) Outside litigation support vendors of the Parties, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators; or

(h) Any person who is designated as a Qualified Person by order of the Court or by written agreement of the Parties.

Before any person (other than the Court and court personnel and counsel of record for the Parties) may qualify as a Qualified Person, as defined above, counsel for the Party seeking to disclose the other Party's Confidential Information to such person must first have such person execute the Acknowledgement and Declaration in the form of Exhibit A, attached hereto.

**Formatted:** Bullets and Numbering

**Deleted:** <#>The Parties and those members, officers, directors, employees, agents and representatives of a Party whose access to Confidential Information is reasonably necessary for the conduct of this action;¶
<#>Deposition, trial, or potential witnesses in this action and their counsel;¶

**Formatted:** Bullets and Numbering

**Deleted:** A

**Deleted:** other than the Court and court personnel and counsel of record for the Parties who is to be provided with Confidential Information or access thereto

**Deleted:** {57599.DOC}

9

9. Use of the Confidential Information by anyone other than the Party producing or otherwise disclosing such Information under this Protective Order will be strictly limited to the prosecution, defense, settlement, preparation for, and trial of this case, as well as any appeal therefrom, and for no other purpose.

10. Confidential Information produced under this Protective Order may be used (a) in the examination or cross-examination of any Qualified Person in a deposition, examination, hearing or trial, and offered into evidence, during the course of this litigation, irrespective of which Party produced the Confidential Information; and/or (b) in connection with any motion, affidavit, memorandum or other paper filed in this litigation, provided that the Confidential Information is separately designated, segregated and presented to the Court or for filing with the Clerk under seal in a manner designed to protect the confidentiality of such Information.

11. Only Qualified Persons may be present when Confidential Information is disclosed at a deposition, examination, hearing, trial or other court proceeding.

12. Nothing contained in this Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the Court any Confidential Information appropriately designated as such under the terms of this Order.

13. A Party will not be obligated to object to or challenge the propriety of a CONFIDENTIAL designation at the time made, and failure to do so will not preclude a subsequent challenge thereto unless there is inexcusable delay that substantially prejudices the producing Party. In the event that a Party disagrees at any stage of this proceeding with the designation of any information as Confidential Information or with the designation of any person as a Qualified Person, the Parties will first confer in good faith to resolve any such disputes. The Court shall determine any unresolved disputes using the same standards as if the Party making

**Deleted:** 10

**Deleted:** Confidential Information produced under this Protective Order may be cited in discovery requests and responses, may be used in depositions and marked as deposition exhibits, and may be used in pleadings and motions presented to the Court and as evidence at hearings or at trial, subject to the Rules of Evidence.

**Deleted:** open

**Deleted:** ¶
. 11

**Deleted:** {57599.DOC}

Exhibit 2

the CONFIDENTIAL designation had applied for a protective order under the Federal Rules of Civil Procedure and related law. Until such time as the dispute is resolved, such designated information will be maintained in accordance with this Protective Order.

12. The Parties may, by written stipulation, provide for exceptions to this Protective Order and a Party may seek an order of this Court modifying this Protective Order or otherwise granting relief from any provision of this Order.

13. Within ninety (90) days after the conclusion of this litigation, including termination of all appellate proceedings, counsel of record for each Party shall return to the producing Party, or certify in writing the destruction of, all Confidential Information in its possession, except that counsel of record for the Parties may retain, for archival purposes and subject to the terms and conditions of this Order, an archival copy of Confidential Information to maintain a complete file of the litigation. Nothing herein shall require destruction of any work product of any Party's counsel of record.

14. Nothing in this Protective Order defines the scope of discovery or the materials to be produced in this litigation or the admissibility of any evidence at <u>any hearing or</u> trial.

15. This Protective Order will not affect or impair the right of a Party to raise or assert any defense or objection, including but not limited to defenses or objections to the discovery or production of documents or information and to the use, relevance or admissibility at trial of any evidence, whether comprised of documents or information governed by this Protective Order.

16. This Protective Order shall remain in force and effect until modified, superseded, or terminated by the Court or by agreement of the Parties with the approval of the Court. This Protective Order shall be incorporated by reference into any final order, final decree, or final award entered by the Court.

**Deleted:** {57599.DOC}

SO AGREED:

| | |
|---|---|
| William E. Gallagher, Lead Counsel for Plaintiff<br>Frost Brown Todd LLC<br>2200 PNC Center<br>201 East Fifth Street<br>Cincinnati, OH 45202<br>(513) 651-6800 telephone<br>(513) 651-6981 facsimile<br>wgallagher@fbtlaw.com | Stephen M. Buck, Lead Counsel for Defendant<br>Husch & Eppenberger, LLC<br>401 Main Street<br>Suite 1400<br>Peoria, IL 60602<br>(309) 497-3209 telephone<br>(309) 637-4928 facsimile<br>stephen.buck@Husch.com |
| Timothy L. Bertschy #199931<br>Gregory J. Rastatter #06280965<br>Heyl Royster Voelker & Allen<br>Bank One Building<br>Suite 600<br>124 S.W. Adams Street<br>Peoria, IL 60602<br>(309) 676-0400 telephone<br>(309) 676-3374 facsimile<br>tbertschy@hrva.com<br>grastatter@hrva.com | O. Yale Lewis, Jr.<br>Stacia N. Lay<br>Hendricks & Lewis<br>999 Third Avenue<br>Suite 2675<br>Seattle, WA 98104<br>(206) 624-1933 telephone<br>(206) 583-2716 facsimile<br>oyl@hllaw.com<br>sl@hllaw.com |

SO ORDERED this _____ day of _____, 2004.

_____
United States District Judge

**Deleted:** {57599.DOC}

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RADIAN COMMUNICATION SERVICES, INC., | ) ) ) |
| Plaintiff, | ) Civil Action No. 04-1197 ) ) |
| v. | ) Judge Mihm ) |
| MICHAEL LANDA, d/b/a LANDA AND ASSOCIATES, | ) **EXHIBIT A TO PROTECTIVE ORDER** ) ) |
| Defendant. | ) ) ) |

## ACKNOWLEDGMENT AND DECLARATION

I, _____, declare under penalty of perjury that I have received a copy of, have read in its entirety and understand the Stipulated Protective Order issued by the United States District Court for the Central District of Illinois in the above-captioned action ("Order"). I agree to comply with and to be bound by all the terms of the Order unless and until modified by further order of the Court. I will not use or disclose or knowingly permit to be disclosed to anyone any of the contents of any Confidential Information received by me under the protection of the Order. I understand that the Confidential Information shall be used only for the purpose of the proceedings in that or a related action or arbitration and shall be returned to counsel who provided it to me, all in accordance with the Order.

I consent to the jurisdiction of the United States District Court for the Central District of Illinois for the purpose of enforcing the terms of the Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**Deleted:** and

**Deleted:** *Radian Communication Services, Inc. v. Michael Landa,* Case No. 04-1197

**Deleted:** them

**Deleted:** {57599.DOC}

9

Exhibit 2

Executed this ____ day of _____, 20__, at _____.

       By:  _____
          Printed name:

       Of:  _____
          Name of Employer

**Deleted:** {57599.DOC}