IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RADIAN COMMUNICATION SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 04-1197 |
| ) | |
| v. ) | |
| ) | Judge Mihm |
| MICHAEL LANDA, d/b/a LANDA AND ) | |
| ASSOCIATES, ) | Magistrate Judge Gorman |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION
FOR ENTRY OF DEFAULT AND FOR DEFAULT JUDGMENT AS TO LIABILITY**

Pursuant to Fed. Rules Civ. P. 55(a) and 55(b)(2), Plaintiff, Radian Communications Services, Inc. ("Radian"), respectfully moves for entry of default and judgment by default against Defendant for failure to plead in response to Plaintiff's Second Amended Complaint and Demand for Jury Trial. Additionally, pursuant to Fed. Rule Civ. P. 37(b)(2), Plaintiff respectfully moves for judgment by default for Defendant's failure to obey the Court's Order of February 28, 2005, granting Defendant's Motion to Compel and ordering Defendant to supplement his answers to written discovery and to cooperate in scheduling the taking of his deposition.

**BACKGROUND**

On December 28, 2004, Radian filed Plaintiff's Motion To Amend Complaint ("Motion To Amend"), together with a Proposed Second Amended Complaint And Demand For Jury Trial. Counsel for Defendant, Stephen Buck, was served with the Motion To Amend via the Court's ECF system. (Document No. 13.)

Defendant did not file any response to Radian's Motion To Amend. On January 20, 2005, the Court conducted a telephonic conference on Plaintiff's Motion To Amend. Persons attending that conference by telephone included Defendant Michael Landa, his attorney of record as of that time, Stephen Buck, and counsel for Radian. (Minute Entry, 1/24/05.) No objection to the Motion To Amend was stated by Defendant or his counsel at that conference. Noting Defendant's failure to file any response, the Court granted Radian's Motion To Amend. (*Id.*) The Court directed Radian to file its Second Amended Complaint And Demand For Jury Trial on or before January 31, 2005. (*Id.*) Also addressing, and granting, Mr. Buck's motion to withdraw as counsel for Defendant, the Court admonished Defendant as to his obligations under the Federal Rules of Civil Procedure. The Court further ordered that Defendant would have to file an answer within 28 days of the date Plaintiff filed the Second Amended Complaint And Demand For Jury Trial. (*Id.*)

Plaintiff filed its Second Amended Complaint And Demand For Jury Trial on January 27, 2005, and served the same on Defendant by U.S. Mail. (Document No. 17.) Subsequently, the Court issued a Minute Entry Order requiring Defendant to file an answer to the Second Amended Complaint by February 21, 2005. (Minute Entry, 1/28/05.) To date, Defendant has not filed an answer to the Second Amended Complaint And Demand For Jury Trial.

In addition, on January 18, 2005, Radian filed a Motion To Compel Discovery Response From Defendant And For Relief From Delay Caused By Defendant, and a supporting Memorandum ("Motion To Compel"). Counsel for Defendant at that time, Stephen Buck, was served with the Motion To Compel via the Court's ECF system. (Document Nos. 15 and 16.)

On January 20, 2005, at the above-referenced telephonic conference on Radian's Motion To Amend, the Court noted Radian's pending Motion To Compel, and orally instructed Defendant that he had until February 18, 2005 by which to file a response. The Court orally

directed Defendant's withdrawing counsel, Stephen Buck, to mail Defendant a copy of the Motion To Compel. The Court subsequently confirmed these oral directions by Minute Entry. (Minute Entry, 1/24/05.)

Defendant did not file a response to Radian's Motion To Compel. By Order of February 28, 2005, the Court noted Defendant's failure to respond, noted that the Motion was therefore unopposed under Local Rule C.D.Il. 7.1, and allowed Radian's Motion in its entirety. (Order, 2/28/05, Document No. 18.)

The Court's Order of February 28, 2005 (Doc. No. 18) states:

> 2. . . . Defendant is to provide complete answers and/or produce all documents as requested in [Plaintiff's First Combined Set Of Interrogatories And Requests For Production Of Documents, Nos.] 3, 6, 7, 8, 9, 14, 15, 21, 23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 42, 45, 46, 47.
>
> 3. . . . These supplemental responses are to be served upon the plaintiff on or before March 11, 2005.
>
> 4. Landa is ordered to telephone counsel for plaintiff on or before March 4, 2005. During that telephone conversation, Landa will cooperate in scheduling a date and time, reasonably convenient to [Plaintiff's] counsel, for his deposition. His deposition is to occur on or before April 1, 2005.
>
> * * *
>
> Mr. Landa is cautioned that further delays will not be allowed and that failure to comply with this order may result in sanctions under Fed. R. Civ. P. 37, up to and including entry of default against him.

(Order, 2/28/05, Document No. 18.)

In addition to the Clerk's (presumed) service by mail of the Court's Order on Defendant, on February 28, 2005 undersigned counsel caused a copy of the Order to be faxed to Defendant. (Exhibits A, B.)

Defendant has not obeyed the Court's Order of February 28, 2005 in any respect. He did not telephone counsel for Radian on or before March 4, 2005 (nor has he done so at any time since) to schedule his deposition as the Court ordered him to do. (Declaration of William E. Gallagher, Exhibit B.) He has not served supplemental answers to interrogatories and responses to requests for production, which the Court ordered him to do by March 11, 2005.

A.  Defendant's Default By Failure To Answer Second Amended Complaint

  1.  *Grounds for Entry of Default*

Federal Rule of Civil Procedure Rule 55(a) provides that entry of a party's default is proper when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. Although that rule refers to entry of default by the clerk, "it is well-established that a default also may be entered by the court." *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 185 (7th Cir. 1982).

Plaintiff filed its Second Amended Complaint And Demand For Jury Trial on January 27, 2005, and served the same on Defendant by U.S. Mail. (Document No. 17.) Subsequently, the Court issued a Minute Entry Order requiring Defendant to file an answer to the Second Amended Complaint by February 21, 2005. (Minute Entry, 1/28/05). Defendant has not filed an answer to the Second Amended Complaint And Demand For Jury Trial. As such, Defendant is in default under the Court's Order of January 28, 2005, and therefore entry of Defendant's default by the Court is proper under Fed. R. Civ. P. 55(a).

  2.  *Plaintiff's Application for Default Judgment as to liability*

Federal Rule of Civil Procedure Rule 55(b)(2) provides that the party entitled to a judgment by default shall apply to the Court therefor, and if the party against whom judgment by default is sought has appeared in the action, that party shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. A district court

is well within its discretion in granting a default judgment as to liability when defendants are afforded advance notice and a hearing under Rule 55(b). *Breuer Electric Mfg. Co.* at 186.

Defendant's default under the Court's Order of January 28, 2005 entitles Plaintiff to judgment as to Defendant's liability under each of the counts alleged in Radian's Second Amended Complaint And Demand For Jury Trial. *Breuer Electric Mfg. Co.* at 186. ("The default Judgment established, as a matter of law, that defendants were liable to plaintiff as to each cause of action alleged in the complaint). Accordingly, Plaintiff respectfully requests that the Court enter Defendant's default and schedule a hearing on Plaintiff's application for judgment by default as to liability under Fed. R. Civ. P. 55(b)(2). In compliance with the notice provision of Rule 55(b)(2), contemporaneously with the filing of the instant motion, Plaintiff served a copy hereof on Defendant by U.S. mail.

    B.    Defendant's Default By Failure To Obey Court Order Compelling Defendant To Respond To Plaintiff's Discovery

Rule 37 of the Federal Rules of Civil Procedure provides for the imposition of sanctions against a party who fails to make discovery or to obey a discovery order. In particular, Rule 37(b)(2) provides that if a party fails to obey an order to provide or permit discovery, the Court in which the action is pending may make such orders in regard to the failure as are just, including rendering a judgment by default against the disobedient party. Fed. R. Civ. P. 37(b)(2)(C).

A Rule 37(b) dismissal requires both a failure to comply with a discovery order and a showing of willfulness, bad faith, or fault. *Patterson v. Coca-Cola Bottling Co.*, 852 F.2d 280, 283 (7th Cir. 1988). *Pro se* status does not give the litigant the discretion to choose which of the court's rules and orders it will follow, and which it will willfully disregard. *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996), *opinion amended on denial of reh'g*, 87 F.3d 202 (7th Cir. 1996).

The decision to enter a default judgment as a sanction for violation of a discovery order is within the sound discretion of the district court. *Downs v. Westphal*, 78 F.3d at 1257 (affirming district court's entry of a default judgment against *pro se* defendants for their willful violation of discovery orders). A district court's discretion in this area is broad. *Patterson v. Coca-Cola Bottling Co.*, 852 F.2d 280 at 283. The sanction of dismissal is essential to the district courts' ability to manage effectively their heavy caseloads and thus protect the interests of all litigants. *Id.*

Defendant has been given notice and every opportunity to comply with the Court's Order. The Court's February 28, 2005 Order granted Plaintiff's unopposed Motion To Compel the Defendant to supplement his answers to written discovery and to cooperate in scheduling the taking of his deposition. The Order explicitly states that "further delays will not be allowed and that failure to comply with this order may result in sanctions under Fed. R. Civ. P. 37, up to and including entry of default." (Order, 2/28/05, Document No. 18.) The Court's February 28 Order warned Defendant that sanctions including entry of default would be forthcoming, even though "the district court is not required to fire a warning shot" before it enters default against an offending party. *Downs v. Westphal*, 78 F.3d at 1257 (*quoting Hal Commodity Cycles Management Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987)). The Court has, therefore, more than fulfilled any obligation it may have to Defendant as a *pro se* litigant.

Defendant has not obeyed the Court's February 28, 2005 Order. He did not telephone counsel for Radian on or before March 4, 2005 (nor has he done so at any time since) to schedule his deposition, as the Court ordered him to do. He has not served supplemental answers to interrogatories and responses to requests for production, which the Court ordered him to do by March 11, 2005.

Unless Defendant comes forward with a bona fide and sufficient excuse, it is clear that Defendant has chosen to willfully disregard the Court's Order of February 28, 2005. Accordingly, Fed. R. Civ. P. 37(b)(2)(C) gives the Court broad discretion to enter judgment by default against Defendant as a sanction for violating the Court's discovery order. *Downs v. Westphal*, 78 F.3d at 1257.

## CONCLUSION

For the foregoing reasons, and under the authorities cited above, Plaintiff Radian Communication Services, Inc. respectfully requests that the Court enter judgment by Default against Defendant Michael Landa, establishing liability under each of the Counts set forth in Plaintiff's Second Amended Complaint and Demand for Jury Trial.

Should the Court grant the instant motion, pursuant to Fed. R. Civ. P. 55(b)(2) Plaintiff expects that further proceedings will be necessary to determine the relief to which Plaintiff is entitled as a consequence of establishment of Defendant's liability.

Respectfully submitted,

RADIAN COMMUNICATION SERVICES, INC.


BY: s/ William E. Gallagher
    William E. Gallagher, Lead Counsel
    Frost Brown Todd LLC
    2200 PNC Center
    201 East Fifth Street
    Cincinnati, OH  45202
    (513) 651-6800 telephone
    (513) 651-6981 facsimile
    wgallagher@fbtlaw.com

    Timothy L. Bertschy
    Heyl Royster Voelker & Allen
    Bank One Building
    Suite 600
    124 S.W. Adams Street
    Peoria, IL  60602
    (309) 676-0400 telephone
    (309) 676-3374 facsimile
    tbertschy@hrva.com

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT AND FOR DEFAULT JUDGMENT AS TO LIABILITY, and Exhibits A and B hereto, were served upon Mr. Michael Landa, 24728 47th Avenue, N.E. Arlington, Washington, 98223, via U.S. Mail this 17th day of March, 2005.

s/ William E. Gallagher

CinLibrary 1489019v.1