**EXHIBIT A**

```
-- KB242233941642D
-------------------------------------------------------------------------
3:31 PM 2/28/2005 Transmission Record
        Sent to: Mr. Michael Landa
        Phone: 220001541913604748995
        Billing information: '0000000', '0001541'
        Remote ID: 360 474 8995
        Unique ID: "KB242233941642D"
        Elapsed time: 2 minutes, 46 seconds.
        Used channel 2.
        No ANI data.
        No AOC data.
        Resulting status code (0/339; 0/0): Success
        Pages sent: 1 - 9
```



ATTORNEYS

OHIO · KENTUCKY · INDIANA · TENNESSEE

William E. Gallagher
(513) 651-6106
WGALLAGHER@FBTLAW.COM

**VIA FACSIMILE: 360-474-8995**
Mr. Michael Landa
24728 47th Ave NE
Arlington, WA 98223

    RE:   <u>Radian Communication Services, Inc. v. Landa</u>, No. 04-1197, in the United States District Court for the Central District of Illinois

Dear Mr. Landa:

Enclosed please find an Order in the above-referenced case which was electronically filed today. Should you have any questions, please feel free to contact me.

                   Very truly yours,

                   *William E. Gallagher*
                   William E. Gallagher

WEG/kb2
Enclosure
CinLibrary 1473277v.1

bc:   David Hahn (*via e-mail w/enclosures*)

E-FILED
Monday, 28 February, 2005  09:47:12 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Radian Communications Inc., )<br>                  Plaintiff )<br>)<br>)<br>)<br>Michael Landa, )<br>                  Defendant ) | | Case No. 04-1197 |

## ORDER

Now before the court is the plaintiff's motion to compel the defendant (who is proceeding pro se) to supplement his answers to written discovery and to cooperate in scheduling the taking of his deposition. The motion was filed on January 18, 2005, following a documented but unsuccessful good faith effort by plaintiff to resolve this dispute. On January 20, this court held a motion hearing/status conference, at which defendant appeared by telephone. He was allowed until Feb. 18 to file a response to the motion to compel. That date has now come and gone, and no response has been filed.

Local Rule CDIL 7.1 provides that a motion is deemed unopposed if no opposition is timely filed, and further states that under those circumstances the court may rule without further notice to the parties. This Rule was explained to Landa at the Jan. 20 hearing, and the clerk sent Mr. Landa a copy of this court's Local Rules. I have therefore deemed the motion unopposed and rule without further notice.

I have reviewed the motion and the attachments. The motion is allowed in its entirety, as follows:

1. In general, defendant has no basis for limiting his answers to interrogaories and his responses to requests for documents to "rohntowers" at least not without further explanation. If "rohntowers" is a complete answer, then he must state that fact. If there is a more complete response to the interrogatory or request for documents, the response shall be made. All objections with this purported limitation are overruled.

2. The remaining objections stated in response to the following interrogatories are without legal basis and are therefore overruled. Defendant is to provide complete answers and/or produce all documents as requested in Interrogatories 3, 6, 7, 8, 9, 14, 15, 21, 23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 42, 45, 46, 47.

3. Landa's objections to the Requests for Production of Documents are without merit and are overruled. Landa is ordered to supplement all responses to Requests for Document Production and produce any responsive documents as set forth as shown in Exhibit A attached to this Order. These supplemental responses are to be served upon the plaintiff on or before March 11, 2005.

4. Landa is ordered to telephone counsel for plaintiff on or before March 4, 2005. During that telephone conversation, Landa will cooperate in scheduling a date and time, reasonably convenient to defendant's counsel, for his deposition. His deposition is to occur on or before April 1, 2005.

5. Fact discovery deadline is extended to April 30, 2005. All other deadlines remain the same.

The parties hereto are apparently direct competitors. To the extent that the parties require protective order before documents are produced, plaintiff is directed to submit to the court the protective order it proposed to defendant earlier in this litigation. The court will review that order and, absent legal insufficiencies or overreaching, will enter that order. If defendant believes that modification of that Order is called for, he may file a motion asking for the changes and explaining why they are needed.

Mr. Landa is cautioned that further delays will not be allowed and that failure to comply with this order may result in sanctions under Fed.R.Civ.P.37, up to and including entry of default against him.

ENTER this 28th day of February 2005.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

Request No. 3: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 6: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 7: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 8: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 9: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 14: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 15: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

4

Request No. 21: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 23: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 24: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 27: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 28: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 29: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 30: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 31: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 32: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 33: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 34: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 35: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 36: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 37: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 39: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 40: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 42: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 45: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

Request No. 46: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below; and

Request No. 47: Defendant's objections are OVERRULED. Defendant shall supplement his response and produce any responsive documents within the time set forth below;

2)   If Defendant does not have documents or things responsive to a particular request, his supplementary response pursuant to this Order shall so state.