EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FILED

APR 5 2005

JOHN M. WAT... rk
U.S. DISTRIC... T
CENTRAL DISTRIC... INOIS

| | |
|---|---|
| RADIAN COMMUNICATION SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) Case No. 04-1197 |
| | ) |
| v. | ) |
| | ) Judge Mihm |
| MICHAEL LANDA, d/b/a LANDA AND ASSOCIATES, | ) |
| | ) Magistrate Judge Gorman |
| | ) |
| Defendant. | ) |

### CONSENT JUDGMENT AND ORDER OF PERMANENT INJUNCTION

AND NOW, this 5th day of April, 2005, upon consideration of PLAINTIFF'S AND DEFENDANT'S JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT AND ORDER OF PERMANENT INJUNCTION ("Motion"), it appearing that the parties, Radian Communication Services, Inc. ("Radian"), and Michael Landa d/b/a Landa and Associates ("Landa") have agreed to settle this action on terms set forth in a written Settlement Agreement And Release, ("Settlement Agreement"), as evidenced by Exhibits B and C to the parties' Motion, and which includes agreement to the Court's execution and entry hereof, IT IS HEREBY ORDERED:

1. Judgment of liability is entered for the Plaintiff and against the Defendant on each of the causes of action set forth in Plaintiff's Second Amended Complaint And Demand For Jury Trial.

2. Based upon his liability as set forth in Part 1 above, and based upon the terms of the parties' Settlement Agreement, LANDA IS HEREBY ENJOINED AND ORDERED to, within 10 days of the date of this Order, at his own effort and expense, take all actions necessary

# EXHIBIT A

to effect full and final assignment and transfer of the registrations for the domain names www.rohntowers.com and www.bxtowers.com to Radian.

3. Based upon his liability as set forth in Part 1 above, and based upon the parties' Settlement Agreement, LANDA IS HEREBY ENJOINED AND ORDERED TO FORTHWITH CEASE, AND unless and until the Parties shall agree in writing otherwise pursuant to a future business relationship, for as long as Radian or its successors or assigns remain in the business of manufacturing, marketing, distributing or selling communications towers and related equipment, or providing related services, LANDA SHALL NOT ENGAGE IN, directly or indirectly, himself or through any agents, ANY OF THE FOLLOWING ACTIONS OR CONDUCT:

3.1. Any manner of reprinting, republishing, reproducing or copying of any nature (via print, web page, other electronic file or otherwise) any written, graphic or photographic materials produced or published by Rohn Industries, Inc., Radian Communication Services, Inc., Radian Communication Services Corporation, or their predecessors in interest, including but not limited to materials found on Internet web sites in the past, present or future maintained by Rohn Industries, Inc., Radian Communication Services, Inc., Radian Communication Services Corporation or their predecessors in interest;

3.2. Any manner of reprinting, republishing, reproducing or copying of any nature (via print, web page, other electronic file or otherwise), any of the following images or logos, in whole or in part, in any color or form:

3.2.1. (web site menu):

**EXHIBIT A**



3.2.2. (ROHN Logos):







# EXHIBIT A

3.2.3. (BX Towers Logo):

**BX Towers**

3.2.4. Any other logos or graphic works of any nature produced, published or used by Radian Communication Services, Inc., Radian Communication Services Corp. or Rohn Industries, Inc. or their predecessors in interest;

3.2.5. Any photographic material produced by Radian Communication Services, Inc., Radian Communication Services Corp., Rohn Industries, Inc. or their predecessors in interest, or appearing in any catalog, brochure or description concerning products or services of Rohn Industries, Inc., Radian Communication Services Corp. or Radian Communication Services, Inc. or their predecessors in interest, in whole or in part;

3.3. Any use of the phrase "factory direct" (or any words of similar meaning or suggestion) in connection with any products of Radian, ROHN brand products, or BX or BX SERIES brand products, or prices therefor;

3.4. Any statement or suggestion that Landa is a representative of Rohn Industries, Inc., Radian Communication Services, Inc., Radian Communication Services Corp. or their predecessors in interest, or the sources of new ROHN brand products or services, or BX or BX SERIES brand products;

3.5. Any statement or suggestion that Landa is an authorized dealer or authorized distributor for Radian or for new ROHN brand products or services, or BX or BX SERIES brand products;

3.6. Any statement or suggestion that Landa has any affiliation or connection with Rohn Industries, Inc., Radian Communication Services, Inc., Radian Communication

## EXHIBIT A

Services Corp. or their predecessors in interest, other than an accurate statement, only to the extent applicable, that Landa may be a purchaser of products from Radian Communication Services, Inc.;

    3.7.    Any statement or suggestion that Landa or Landa and Associates is a "parent company" of "rohntowers.com" or "bxtowers.com", or has any relationship or affiliation with any entity using a domain name or other name containing a recognizable trademark or trade name used by Radian;

    3.8.    Any registration, maintenance or use of any domain name containing the following words, in any order, singular or plural, alone or in combination with other words, marks or punctuation:

        rohn;

        bx;

        bx tower;

        bxtower;

        bx series;

        bxseries;

        ctower;

        gt series;

        gtseries;

        g-series;

        g series;

        gseries;

        80-90 series;

# EXHIBIT A

 80-90series;

 20g;

 25g;

 45g;

 55g;

 65g;

 jtower;

 j tower; or

any other word or combination of letters and/or numerals forming a recognizable component of a registered or common law mark in which Radian Communication Services, Inc., Radian Communication Services Corp., Rohn Industries, Inc. or any of their predecessors in interest have established use in commerce prior to any use by Landa;

 3.9. Use of any electronic mail address containing the following words, in any order, singular or plural, alone or in combination with other words, marks or punctuation:

 rohn;

 bx;

 bx tower;

 bxtower;

 bx series;

 bxseries;

 ctower;

 gt series;

 gtseries;

-6-

# EXHIBIT A

g-series;

g series;

gseries;

80-90 series;

80-90series;

20g;

25g;

45g;

55g;

65g;

jtower;

j tower; or

any other word or combination of letters and/or numerals forming a recognizable component of a registered or common law mark in which Radian Communication Services, Inc., Radian Communication Services Corp., Rohn Industries, Inc. or any of their predecessors in interest have established use in commerce prior to any use by Landa;

    3.10.   Any use of the words "rohn", "bx", "bx tower" or "bx series", singular or plural, alone or in combination with other words, marks or punctuation, on any visible surface or page, in any visual medium, published for purposes of marketing or promotion of products or services, that is not accompanied by an accurate printed identification of the seller of such products or services on the same surface or page, of greater prominence in type size and emphasis than any use of the words "rohn", "bx tower" or "bx series", that makes readily clear to a reader that the seller is not Radian Communication Services, Inc., Radian Communication

**EXHIBIT A**

Services Corp., Rohn Industries, Inc. or any entity having any relationship or affiliation with them; and

    3.11.   Creation or any use in commerce of any stylized logo of any nature embodying or incorporating the words "rohn", "bx", "bx tower" or "bx series", or any other word forming a recognizable component of a registered or common law word mark or trade name in which Radian Communication Services, Inc., Radian Communication Services Corp., Rohn Industries, Inc. or any of their predecessors in interest have established use in commerce prior to any use by Landa in whole or in part, in any manner.

    4.   Pursuant to Fed. R. Civ. P. 65(d), the injunction set forth in Parts 2 and 3 above shall be binding upon Defendant Michael Landa and Landa and Associates, and their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

    5.   This Court will have jurisdiction over any action seeking to enforce the terms of the parties' Settlement Agreement, or any action seeking relief or remedies for a breach of the parties' Settlement Agreement.

    6.   All prior motions currently pending in this Action are dismissed as moot in view of this Consent Judgment And Order Of Permanent Injunction.

    7.   This Consent Judgment And Order Of Permanent Injunction is the final judgment of the Court upon each of the Counts set forth in Plaintiff's Second Amended Complaint And Demand For Jury Trial, and upon all of the parties' claims, rights and liabilities presented in this Action, and this Action is concluded and terminated hereby.

    8.   Each party shall bear its/his own costs and attorneys' fees incurred to date in this Action.

## EXHIBIT A

CONSENTED AND AGREED TO BY THE PARTIES:

Michael Landa, *Pro Se*
24728 47th Ave. NE
Arlington, WA 98223
(360) 474-8994 telephone
(360) 474-8995 facsimile

LANDA AND ASSOCIATES

By: _____

Title: OWNER

RADIAN COMMUNICATION SERVICES, INC.

BY: _____
William E. Gallagher, Lead Counsel
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202
(513) 651-6800 telephone
(513) 651-6981 facsimile
wgallagher@fbtlaw.com


Timothy L. Bertschy
Heyl Royster Voelker & Allen
Bank One Building
Suite 600
124 S.W. Adams Street
Peoria, IL 60602
(309) 676-0400 telephone
(309) 676-3374 facsimile
tbertschy@hrva.com

SO ORDERED.

BY THE COURT:

S/ Michael M. Mihm
United States District Judge
4/05/05

CinLibrary 1490234v.1

-9-